## GEORGE LEARY CONST. CO. v. MATSON.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1856.

1. **Seamen ⬅29(3)—Under federal statutes foreman of pile driver scow not a fellow servant of seaman.**

Under Rev. St. § 4612, as amended by Act Dec. 21, 1898, c. 28, § 23 (Comp. St. § 8392), a pile driver scow is a vessel, and the foreman in charge of its operation and other employés under his authority are seamen, and under Seamen's Act, § 20 (Comp. St. § 8337a), in an action by a subordinate employé for a personal injury the foreman is not a fellow servant of such employé, but is the representative of the owner of the vessel.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seamen; Vessel.]

2. **Seamen ⬅29(3)—Owner of scow responsible for selection by foreman of unfit appliance.**

Under Seamen's Act, § 20 (Comp. St. § 8337a), the selection by the foreman in charge of a pile driver scow of timbers to be used for a purpose requiring strength, *held* the act of the employer, and the employer *held* liable for injury to an employé under authority of the foreman, resulting from the selection of an unfit timber from others which were fit.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

Suit in admiralty by Charles Matson against the George Leary Construction Company. Decree for libelant, and respondent appeals. Affirmed.

John W. Oast, Jr., of Norfolk, Va. (Oast, Kelsey & Jett, of Norfolk, Va., on the brief), for appellant.

Daniel Coleman, of Norfolk, Va. (Berry D. Willis and Nathaniel T. Green, both of Norfolk, Va., on the brief), for appellee.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge.. In this action for damages for personal injuries the District Court entered a decree in admiralty in favor of the plaintiff for $3,500.

The respondent, George Leary Construction Company, operated a pile driver on a scow afloat in Elizabeth river in the construction of a dock. Charles Matson was one of its men working on the scow, under the direction of Martin as foreman. The scow was equipped with a mast, boom, and engine. At the time of the injury the work in hand was the removal of the pile driver leads to a permanent position at the forward end of the scow. To do this work it was necessary to raise the leads to an upright position, where the hammer would fall on the piles to be driven. The method used was to attach a snatch block on the front of the sill of the scow, run a one-inch line from the nigger head of the engine through the snatch block, and tie the line to two pieces of timber placed behind the ladder braces of the leads. These two pieces, taken from a number lying on the scow, were 2 in. x 10 in. and 4 in. x 6 in., and so placed together they were called a toggle. The pull on the toggle broke it, and one of the pieces struck and injured Matson. By sufficient care in selection pieces could have been found adequate to stand the strain.

So far there was no issue of fact in the testimony. On behalf of the libelant the testimony was to the effect that Matson was a winchman in charge of the engine, and had nothing to do with the selection of the timbers; that one of the planks used was obviously weak from the presence of two holes in it; that Martin, the foreman, persisted in directing the use of this piece of timber against the warning of Silverson, one of the men, that it was not strong enough. On behalf of the respondent there was testimony to the effect that Matson himself and another worker selected the timbers, without suggestion or approval from Martin.

Since the evidence shows clearly that there were at hand other timbers sufficient for the service, it follows that, if Matson or a fellow servant selected unsafe pieces in the exercise of their own judgment, no negligence could be imputed to the respondent. The decree was therefore necessarily based on the conclusion of the District Judge that the testimony on behalf of the libelant was true; that the timbers used were not selected by Matson, that they were obviously unsafe, and that they were used by the direction and with the approval of Martin, the foreman. On this issue of fact, made by the testimony taken in open court, the finding of the District Judge is conclusive.

[1] Under federal statutes, Martin was not a fellow servant of Matson, but a representative of the master. Revised Statutes, § 3 (Comp. St. § 3), gives this general definition:

"The word 'vessel' includes every * * * water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water."

Under title 53, § 4612, Revised Statutes, as amended by Act of Dec. 21, 1898, c. 28, § 23 (Compiled Stats. § 8392), the statutory definitions of "vessels" and "seamen" are as follows:

"In the construction of this title, every person having the command of any vessel belonging to any citizen of the United States shall be deemed to be the 'master' thereof; and every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman'; and the term 'vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of this title may be applicable, and the term 'owner' shall be taken and understood to comprehend all the several persons, if more than one, to whom the vessel shall belong."

Under these definitions, "scows" and "pile drivers" are "vessels," and Matson was a "seaman." The Scow (D. C.) 138 Fed. 942; The Raithmoor (D. C.) 186 Fed. 849; The Robert W. Parsons, 191 U. S. 17, 24 Sup. Ct. 8, 48 L. Ed. 73; Bowers Hydraulic D. Co. v. Federal Con. Co. (D. C.) 148 Fed. 290; Ellis v. U. S., 206 U. S. 246–259, 27 Sup. Ct. 600, 51 L. Ed. 1047, 11 Ann. Cas. 589.

By Act March 15, 1915, c. 153, § 20 (Comp. Stats. § 8337a), it is provided:

"In any suit to recover damages for injuries sustained on board vessel or in its service seamen having command shall not be held to be fellow servants with those under their authority."

Martin was a seaman having direct command of the work in hand and of the men performing it. Matson was a seaman under his authority. Martin was therefore not a fellow servant of Matson, but a representative of the owner of the vessel.

[2] For an injury due to accident, or to the mere negligence of the master of the vessel in giving orders, even if he be regarded as the representative of the owner, a seaman has been held not to be entitled to recover indemnity, but only for maintenance and cure. The Osceola, 189 U. S. 158–175, 23 Sup. Ct. 483, 47 L. Ed. 760. And it may be this rule is unaffected by section 20 of the Seamen's Act above quoted, as was held in Chelentis v. Luckenbach S. C. Co., 243 Fed. 536, 156 C. C. A. 234, L. R. A. 1913F, 991, and John A. Roebling's Sons Co. v. Erickson (C. C. A.) 261 Fed. 986, and intimated in Chelentis v. Luckenbach, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171. But since under the statute the master of the vessel, or seaman in command, is not a fellow servant of those under his authority, his selection and supply of the appliance and appurtenances used for the service on the ship under his direction is the selection and supply of the owner, and for injury to a seaman due to negligence in such selection and supply the owner is liable for full indemnity for the injury. The Baron Napier (4th Circuit) 249 Fed. 126, 161 C. C. A. 178; The Colusa, 248 Fed. 21, 160 C. C. A. 161.

Affirmed.