## CITY OF LOS ANGELES et al. v. UNITED DREDGING CO.

(Circuit Court of Appeals, Ninth Circuit. November 1, 1926.)

No. 4835.

1. Shipping ⊂⇒1—Large dredging barge held "vessel" and "seagoing barge," subject only to federal inspection (Rev. St. § 3 [Comp. St. § 3]; Act May 28, 1908, § 10 [Comp. St. § 8178]).

A large dredging barge, having no propelling power, but capable of being towed at sea, held a "vessel," within the definition of Rev. St. § 3 (Comp. St. § 3), and a "seagoing barge," inspection of which is provided for by Act May 28, 1908, § 10 (Comp. St. § 8178); hence it was not subject to local inspection and license ordinances.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Seagoing; First and Second Series, Vessel.]

2. Seamen ⊂⇒2.

Engineers, operating dredging apparatus on seagoing barges, are "seamen," within Act March 4, 1915, subject to admiralty and commerce clauses of Constitution, and not within city licensing ordinances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit by the United Dredging Company against the City of Los Angeles and others. Decree for plaintiff (10 F.[2d] 239), and defendants appeal. Affirmed.

Jess E. Stephens, City Atty., Lucius Green, Asst. City Atty., and Cecil A. Borden, Deputy City Atty., all of Los Angeles, Cal., for appellants.

Eugene Overton, E. D. Lyman, P. B. Plumb, L. K. Vermille, and Geo. W. Prince, Jr., all of Los Angeles, Cal., for appellee.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

HUNT, Circuit Judge. The city of Los Angeles and certain of its officials appeal from a decree enjoining and restraining them from enforcing as against appellee, the United Dredging Company, a Delaware corporation, the provisions of an ordinance of the city.

The ordinance makes it a misdemeanor to operate steam boilers and appliances without first having submitted the same to inspection and procuring a license from a local board of mechanical engineers, and to employ or permit any person to use and operate the same other than an engineer duly licensed by such board.

Appellee was operating steam dredges in Los Angeles harbor and within the corporate boundaries of the city for the purpose of deepening and widening the navigable waters of the harbor, and was engaged in fulfilling contracts with the government for certain work. Appellee operated the steam equipment of its dredges, consisting of boilers and other steam-generating apparatus, as defined by the ordinance referred to, without submitting the same to the inspection called for by the ordinance, and without procuring a license as prescribed therein, authorizing such operation and also employed persons unlicensed by the board of mechanical engineers as operatives of the machines. The city caused the arrests of the employees of the dredging company and threatened further arrests if violations continued.

[1] The question is: Are the dredges of the class of vessels required to be inspected, and to be operated by licensed engineers, under the laws of the United States? It is conceded that, if this question is answered affirmatively, the jurisdiction of the United States is exclusive, and the decree must be affirmed.

Section 10 of the act to amend the laws relating to navigation, and for other purposes (35 Stat. c. 212 [Comp. St. § 8178]), provides that the local inspectors of steamboats shall, at least once in every year, inspect the hull and equipment of every seagoing barge of 100 gross tons or over, and shall satisfy themselves that such barge is of a structure suitable for the service in which she is to be employed, has suitable accommodations for the crew, and is in a condition to warrant the belief that she may be used in navigation with safety to life. They shall then issue a certificate of inspection in the manner and for the purposes prescribed in sections 4421 and 4423 of the Revised Statutes (Comp. St. §§ 8182,

8184). By section 3 of the Revised Statutes (9 Fed. St. Ann. [2d Ed.] 391 [Comp. St. § 3].) the word "vessel" includes every description of water craft or other artificial contrivance used or capable of being used as a means of transportation on water.

The evidence shows that the boats involved are great barges, with dredging machinery and boilers put upon hulls, having depth and stanchness to make it possible for them to be towed at sea; that they are decked over with hatches, and carry crews of engineers and assistants during their operations; that they are often towed long distances over the high seas. As the barges are not propelled by steam, the Revised Statutes, which have to do with steam vessels, as defined by section 4399 et seq. (Comp. St. § 8151 et seq.), are not pertinent.

We hold that the barges are water craft capable of being used as a means of transportation on water; that they are built to be used in navigable waters, and are intended to transport machinery, supplies, and crews necessary to dig out mud and other obstructions in harbors in aid of navigation. In 1876, Judge Benedict, in the District Court in New York, in a proceeding in rem by a material-man to enforce a lien for repairs upon a grain elevator, held that an old canal boat, within which there was placed machinery which operated an elevator, but which had no motive power of her own, and no place for the transportation of cargo or passengers, was a vessel within the meaning of the maritime law. He said: "By reason of its mode of use it is made subject to the same vicissitudes and perils of the sea to which all vessels are exposed. She may have collisions, she may require salvage services, and the same necessity for using her credit in order that she may obtain instant repairs—indispensable, it may be, to save her from going to the bottom—exists in her case as in the case of any vessel." The Hezekiah Baldwin, Fed. Cas. No. 6,449.

In The Alabama (C. C.) 22 F. 449, Judge Pardee held that a dredgeboat that lifted mud in harbors and navigated the seas aided commerce and was within the admiralty jurisdiction. In The International, 89 F. 484, 32 C. C. A. 258, Judge Bradford held that it was immaterial that the scows used with barges in dredging were to be laden with mud from the shovel or scoop of the dredge, instead of ordinary merchandise, for equally with the dredge, they were vessels, within the meaning of section 3, supra, Revised Statutes. Barnes Co. v. One Dredge (D. C.) 169 F. 895.

In McMaster v. One Dredge (D. C.) 95 F. 832, Judge Bellinger cited a number of cases

and concluded that a barge, capable of being moved from place to place in navigable waters for the transportation of machinery or sand and gravel taken from the bottom of rivers, was a vessel and might be subject to maritime laws. He said: "It is wholly immaterial that the sand and gravel so transported is brought from the bottom of the river. It may as well be taken from the adjacent uplands. It can make no difference, as to the occupation of the dredge in the transportation of this material, where it was obtained. The fact that gives to the dredge the character of a vessel is its use in the transportation of the material which it was designed to carry."

And in Ellis v. United States, 206 U. S. 246, 27 S. Ct. 600, 51 L. Ed. 1047, 11 Ann. Cas. 589, the Supreme Court quite recently said that scows and floating dredges were vessels within the admiralty jurisdiction, and that persons employed upon them in dredging a channel in a harbor were not within the meaning of the Act of August 1, 1892 (27 St. 340 [Comp. St. §§ 8918-8920]) limiting hours of daily service of laborers or mechanics employed upon public works of the United States.

Our opinion is that section 10, supra, is applicable to the barges involved in this suit. The fact that it had not been the practice of inspectors to inspect the barges is immaterial to the decision.

[2] The concession of the appellant renders further discussion unnecessary, for the engineers employed upon the dredges are clearly seamen within the meaning of the statutes (38 St. 1164; Prigg v. Penn., 16 Pet. 618, 10 L. Ed. 1060; The Atlantic (D. C.) 53 F. 607; Saylor v. Taylor, 77 F. 476, 23 C. C. A. 343) subject to the admiralty and commerce clauses of the Constitution, and not within the purview of the city ordinance here involved (Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Zurich v. Industrial Accident Commission, 191 Cal. 770, 218 P. 563).

The decree is affirmed.