In the Matter of the Claim of AINA M. HEIKKILA, Respondent, against J. RICH STEERS, INC., and THE ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award of compensation for death benefits made by the claimant pursuant to the Workmen's Compensation Law. The deceased was a watchman upon a derrick anchored near a sea wall which was being reconditioned at the time for the purpose of constructing a highway on top of it. He was a watchman employed on Derrick No. 11 anchored off 79th street in the borough of Brooklyn. He came upon the derrick on Saturday night November 12, 1938, and was to remain there until Monday morning. His duty was to keep up steam and to look after the derrick and to take care of any emergency that might occur. He came on in a row boat and after arriving at the derrick with his working clothes and food he took the two men who had been operating the derrick to shore and returned to the derrick at around ten o'clock at night. He was seen on the derrick at ten o'clock at night and when the superintendent called to him he answered and said that everything was O. K. He was missing the next morning and the

boat was afloat. An examination of the derrick showed everything as it should be, steam in the boilers and everything in proper shape. The boat was floating and was found about 150 feet from the derrick. His body was discovered on Thanksgiving Day and there was a blue spot on his head about the size of a half dollar. The verdict was death by drowning. The claim is lack of jurisdiction and that the deceased's drowning did not happen during the course of his employment. The deceased was tending to his duties when last seen and after he was missed everything in connection with the work that he was supposed to do had been properly attended to. He had the right to visit the men on the other derricks and he had the right to go to shore in case of an emergency or to get food or newspapers on the week end. He was performing his duties when last seen. The derrick was not a vessel and could not propel itself and was being used entirely in connection with building a roadway on the land. The claim was presented as a maritime claim and was rejected on the ground that the work was not maritime in character. The State Industrial Board had jurisdiction and the award should be affirmed, with costs to the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.