RUTH E. MALONEY, as Administratrix of the Estate of THOMAS F. MALONEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31319.)

Court of Claims, May 3, 1955.

CLAIM against State pursuant under Jones Act for conscious pain and suffering and wrongful death of seaman.

*Robert B. Anderson* for claimant.

*Nathaniel L. Goldstein, Attorney-General (James G. Austin* of counsel), for defendant.

MAJOR, J. This is a claim against the State of New York brought to recover damages for conscious pain and suffering and for the wrongful death of claimant's husband, Thomas F. Maloney, an employee of the State, who was fatally injured in an accident on New York State derrick barge 2-A, a nonpropelled boat used in the repair and maintenance of the State canal system.

At the opening of the trial, at the close of claimant's case, and at the conclusion of the trial, the State made motions to dismiss this claim on the grounds that (1) the " Jones Act " had no application for the reason that derrick barge 2-A was not a vessel engaged in navigation, and decedent was not a seaman; and (2) that the Court of Claims is without jurisdiction.

This claim was pursued under section 688 of title 46 of the United States Code, known as the " Jones Act ", which provides that: " Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury, the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

At the time of the accident, derrick barge 2-A was engaged in repairing lock No. 7 on the Oswego River, which is a part of the New York State canal system used for commerce between States and with foreign nations.

The Oswego Canal is a navigable channel and a part of the New York State canal system connecting with other navigable

streams and bodies of water over all of which interstate and international commerce is conducted. Such canal and other waters into which it flows are navigable waters within the purview of the " Jones Act ". (*Escanaba Co.* v. *Chicago,* 107 U. S. 678.)

The court finds that derrick barge 2-A was a vessel engaged in aid of navigation.

The adoption of the United States Constitution was a release to the Federal Government of all the rights of the States to legislate upon the substantive law of navigable waters.

In the consideration of a Federal statute, the construction enforced by Federal courts will be controlling and even a decision of the New York Court of Appeals will not be followed on such a question where the Supreme Court of the United States after such a decision has decided to the contrary. State courts must adopt the construction placed on Federal statutes by the Supreme Court of the United States. (*York* v. *Conde,* 147 N. Y. 486.)

" No state legislation affecting the general maritime law is valid if it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations. This limitation, at the least, is essential to the effective operation of the fundamental purposes for which such law was incorporated into the national laws by the Constitution itself." (1 Am. Jur., Admiralty, § 12, p. 552; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375.)

A seaman is any person employed in any capacity with duties that are maritime in character and rendered on a vessel in commerce on navigable waters, or in aid of navigation.

The word " seaman " is a flexible one, dependent upon the context of the particular statute under which the term is sought to be applied. (*Warner* v. *Goltra,* 293 U. S. 155; 2 Norris on Law of Seamen, § 651.)

Under the " Jones Act ", the following have been considered seamen: ferry hand (*Helena Glendale Ferry Co.* v. *Walling,* 132 F. 2d 616); musician (*The Sea Lark,* 14 F. 2d 201); cook (*The James H. Shrigley,* 50 F. 287); engineer and fireman (*The North America,* Fed. Cas. No. 10,314); dipper tender on a dredge (*The Hurricane,* 2 F. 2d 70, affd. 9 F. 2d 396), and foreman on a dredge (*The Hurricane, supra*).

In the case of *McKie* v. *Diamond Marine Co.* (204 F. 2d 132), the court held that the question of whether or not a person was a seaman is a question of fact for the jury and not one of law.

A vessel includes within its meaning every description of vessel or water craft navigating, or in aid of navigation, on any sea, channel, lake or river used in commerce. (U. S. Code, tit. 46, § 713; *Gale* v. *Union Bag & Paper Corp.*, 116 F. 2d 27; *Uravic* v. *Jarka Co.*, 282 U. S. 234; *Leary Constr. Co.* v. *Matson*, 272 F. 461; *Saylor* v. *Taylor*, 77 F. 476; *The Hurricane, supra*; *Ellis* v. *United States*, 206 U. S. 246; *Cope* v. *Vallette Dry Dock Co.*, 119 U. S. 625.)

Under the "Jones Act", a vessel has been held to include: a houseboat without motive power (*The Ark*, 17 F. 2d 446); a large dredging boat without motive power, but capable of being towed (*City of Los Angeles* v. *United Dredging Co.*, 14 F. 2d 364); *Kibadeaux* v. *Standard Dredging Co.*, 81 F. 2d 670); scows (*Ellis* v. *United States, supra*); pile drivers and steam dredges (*Leary Constr. Co.* v. *Matson, supra*), and fireman on crane or derrick pouring concrete in construction of bridge across river (*Summerlin* v. *Massman Constr. Co.*, 199 F. 2d 715; 2 Norris on Law of Seamen, § 656).

However, under the Workmen's Compensation Law, New York courts have held that persons under somewhat similar conditions are not seamen, and the boat is not a vessel engaged in navigation. (*Matter of Heikkila* v. *J. Rich Steers, Inc.*, 261 App. Div. 1012, motion for leave to appeal to the Court of Appeals denied, 261 App. Div. 1110; *Matter of Bohen* v. *McLain Constr. Corp.*, 257 App. Div. 887; *Schwartz* v. *State of New York*, 277 N. Y. 567.)

This presents a different classification of similar facts and circumstances under two separate statutes. Such a situation is neither unique nor unusual. Law is not an exact science. Included within its interpretation is the flexibility of considering the legislative intent pertaining to the specific law before the court.

The deliberations of this court are confined to the "Jones Act" under which the claim was filed and pursued. Our sole question is whether or not claimant has a remedy in this court under the Federal statute called the "Jones Act".

The court finds that derrick barge 2-A was a vessel engaged in aid of navigation and that the decedent, Thomas F. Maloney, was a seaman within the intent of the "Jones Act".

It is true that under the findings herein, an individual or corporation would be liable on the same facts in the New York

Supreme Court, but it is not true that whenever an individual is liable for a certain act, that the State is liable for the same act. (*Barrett* v. *State of New York,* 220 N. Y. 423, 430; *McAuliffe* v. *State of New York,* 107 Misc. 553; *Goldstein* v. *State of New York,* 281 N. Y. 396, 406. Canal Law, § 120.)

Section 1333 of title 28 of the United States Code provides: " The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." (U. S. Code, tit. 28, § 1333.)

By the history of the Federal act (Judiciary Act of 1789, 1 U. S. Stat. 73), as carried forward in the Judiciary and Judiciary Procedure (U. S. Code, tit. 28, § 41, subd. [3]), the " remedies to which they are otherwise entitled " set forth in the present act refer to the clause in the prior act of " ' saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it. ' " (*Tammis* v. *Panama R. R. Co.,* 202 App. Div. 226, 228.)

Neither the laws nor the Constitution of the United States give to individuals the right to sue a State in either Federal or State court. (*Ex Parte La Prade,* 289 U. S. 444; *Palmer* v. *Ohio,* 248 U. S. 32; *Ex Parte State of New York, No. 1,* 256 U. S. 490; *Buffington* v. *Day,* 11 Wall. U. S. 113, 124; *Douglas* v. *New Haven R. R. Co.,* 279 U. S. 377; *Herb* v. *Pitcairn,* 324 U. S. 117.)

In order to succeed, it must appear that the Federal Government permits and offers such jurisdiction and that the State court meets the specifications, qualifications and conditions of such proffer. Also, when the State is a defendant, it must appear that it has accepted the tender of jurisdiction, as limited and conditioned.

This is not the fact. The New York State Court of Claims never had jurisdiction. The liability of the State did not exist. The State had not waived liability and immunity from suit by section 8 of the Court of Claims Act, at the time of the enactment of the " Jones Act " and, therefore, there was nothing to be saved. The savings clause does not permit a suit in a State court unknown to the common law. (*Southern Pacific Co.* v. *Jensen, supra*; *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557; 2 Norris on Law of Seamen, § 668.)

The Court of Claims was created by statute and although common law is applicable in its functioning, nevertheless, it is not a common-law court and does not comply with one of the

required conditions of the " Jones Act " of " right of trial by jury ". There is no such right in the Court of Claims. Even assuming *arguendo,* that the State waived its right to jury trial by the enactment of the Court of Claims Act, and the claimant waived such right by the filing of a claim under such act, the situation would not be corrected. The fact remains that such right is nonexistent and unavailable. Such a situation violates the Federal requirement of uniformity throughout the nation. There is no provision in the " Jones Act " to exempt any court from giving the right of trial by jury and requiring it of others. To hold that this court had jurisdiction under such conditions would be repugnant to the United States Constitution as was said about State Compensation Courts in *Southern Pacific Co.* v. *Jensen (supra).*

The right (to bring an action under the " Jones Act ") exists only by virtue of the statute and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit in a court which gives the right of trial by jury. The limitation relates not merely to the remedy, but to the right. (*United States* v. *State of Arizona,* 214 F. 2d 389; *Blair* v. *B. & O. R. Co.,* 323 U. S. 600; *Terminal R. Assn. of St. Louis* v. *Schorb,* 151 F. 2d 361, certiorari denied 326 U. S. 786; *Clarke* v. *Chicago & N. W. Ry. Co.,* 63 F. Supp. 579.)

The policy of the maritime law, for great and wise and benevolent purposes has built up peculiar rights, privileges, duties and liability in the sea service. (*Wagner* v. *Panama R. R. Co.,* 299 N. Y. 432, 438.) The whole theory and concept surrounding this claim is not in accordance with the public policy or tradition of the State as a sovereign power.

The " Jones Act " deals with the centuries old " common law of the sea " and is unique and exceptional in comparison to other actions. Maritime law by inveterate tradition has made the ordinary seaman a member of a favored class. He has been a ward of the admiralty, often ignorant and helpless, and so in need of protection against himself as well as others. (*Warner* v. *Goltra,* 293 U. S. 155, *supra; Robertson* v. *Baldwin,* 165 U. S. 275, 282, 283, 287; *The Arizona* v. *Anelich,* 298 U. S. 110, 121–123; *Calmar S. S. Corp.* v. *Taylor,* 303 U. S. 525, 527–529; *Socony-Vacuum Oil Co.* v. *Smith,* 305 U. S. 424, 429–432; *Aguilar* v. *Standard Oil Co.,* 318 U. S. 724, 727; *Wagner* v. *Panama R. R. Co., supra.)*

The purpose of the act was to give a seaman injured in the course of his employment, and the personal representative of a seaman who died as a result of injuries so received, the right to maintain an action at law for the recovery of damages, with the right of trial by jury, and to eliminate the defense of fellow servant. The recovery is damage for negligence resulting in injuries or death. (Commentary on Maritime Workers, U. S. Code Annot., tit. 46, pp. 240, 241.)

" Statutes in derogation of the sovereignty of a state must be strictly construed and a waiver of immunity from liability must be clearly expressed." (*Smith* v. *State of New York*, 227 N. Y. 405, 410; *Goldstein* v. *State of New York*, 281 N. Y. 396, 402–403, *supra*.) The language used in section 8 of the Court of Claims Act must be given a reasonable construction consistent with our conception of governmental functions and public policy. (*Goldstein* v. *State of New York, supra*.) Section 120 of the Canal Law is rather indicative of the legislative intent in navigation claims.

The State, by section 8, formerly 12-a, of the Court of Claims Act has not waived its liability or permitted access to such court, for admiralty or maritime claims.

The jurisdiction of the court can never depend for its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all. The fact that no other forum may be open to claimant is not a legal reason for declaring jurisdiction in this court. It is a legislative matter resolving itself in the securing of an enabling act as ultimately occurred in a similar case of *Otis* v. *State of New York* (47 N. Y. S. 2d 755).

In the case of *Manion* v. *State Highway Comr.* (303 Mich. 1, 22), concerning an action brought by a chief engineer of a State vessel to recover damages for injuries, the Supreme Court of Michigan in its decision contained the following: " The court of claims, by the limitations expressed in the act creating this court, does not possess the jurisdiction of a court of admiralty; nor does the State have ' a general capacity to stand in judgment.' " Writ of certiorari was denied. (317 U. S. 677.)

Because of the long period of time taken to try this claim, the number of witnesses involved, and the variations and lack of comparable precedent on the matters in dispute, findings of fact and conclusions of law have been made and are filed herewith.

The motion of the State to dismiss claim for lack of jurisdiction is granted and claim is dismissed.

Judgment is directed accordingly.