Walter R. Hart, J.
The complaint herein alleges that on December 21, 1957 plaintiff purchased a motor vehicle in the City of Long Beach for a total consideration of $8,250 consisting of $3,350 in cash and a used motor vehicle valued at $4,900 by himself and the vendor of the new vehicle. Plaintiff, a resident of Kings County, thereupon paid to the City of New York $100.50 representing 3% of the cash consideration of the transaction as a compensating use tax, but refused to pay $197.81 as tax on the $4,900 representing the value of the vehicle traded in. On September 21, 1959 a warrant was issued to the Warrant Agent of the City of New York.
The complaint alleges that defendant city, by various officers and agents named as defendants, purportedly is acting pursuant to article 42 of the Rules and Regulations of the New York City Sales Tax and Compensating Use Tax which are invalid. It is contended that the invalidity of these regulations stems from the fact that they provide that sales within the city limits be taxed to the extent of the cash consideration involved over and above the trade-in value of an article of the same kind accepted by the vendee with the intention of resale, while in a like transaction outside of the City of New York the entire sales price is taxed at the same rate without any allowance for the trade-in value of the personal property delivered as part payment of the purchase price. It is alleged that the regulation is void since it is violative of plaintiff’s rights under the State and Federal Constitutions in that it denies the plaintiff the equal protection of the laws for the reason that the classification provided for is capricious, arbitrary, discriminatory and consists of class legislation in relation to plaintiff, and also deprives plaintiff of property without due process of law.
The relief demanded is a judgment declaring null and void the regulation insofar as it requires plaintiff to pay a higher tax on a vehicle purchased outside the City of New York than he would on a like purchase within the city, declaring void the warrant issued by the city and for an injunction restraining its execution.
Since the primary issue involved is the constitutionality of the regulation, resort to the remedy of a declaratory judgment *980 is most appropriate (Dun & Bradstreet, v. City of New York, 276 N. Y. 198; Commission of Public Charities of City of Hudson v. Wortman, 255 App. Div. 241; Board of Educ. of City of Rochester v. Van Zandt, 119 Misc. 124, affd. 234 N. Y. 644).
There being no questions of fact raised by the pleadings or by the affidavits submitted by the parties on the instant motion for summary judgment, the matter may be disposed of as a question of law.
The court is constrained to agree with plaintiff that the regulation (as well as the statute on which it is predicated, but which is not directly challenged in the complaint) discriminates against extraterritorial purchases denying the equal protection of the law to those residents of the city who consummate such transactions outside the city limits. The classification, as a tax basis, is arbitrary, capricious and discriminatory. Fundamentally the tax involves identical transactions, the only difference being in the situs thereof. It is just as discriminatory as if such transactions were exempt from tax when consummated in the city but taxed as to those consummated outside the city limits or if higher rates were applied to the latter than to the former.
The city attempts to justify its position by urging first that the sales tax and use tax are two different taxes. In its brief, however, it admits in effect that the use tax merely complements and implements the sales tax since it was “ designed to prevent the loss of sales tax revenue to the city resulting from New York City residents making their purchases outside the city” by imposing a tax on the use of such property within the city by residents. The circumstance that the sales tax and the compensating use tax were passed at different times is not concluive. They are component parts of one tax scheme and structure. (Cf. Jacobs v. Joseph, 282 App. Div. 622.) This is evidenced by the fact that pursuant to the statute (N. Y. City Administrative Code, § M41-17.0, subd. 3) the use tax is inapplicable to any transaction on which a sales tax is payable. The city also contends that there is a reasonable basis for the distinction between the two similar transactions; that a purchase in the city involving a trade-in might result in two sales tax payments, one on the purchase of the new car taxed for the cash differential and the second when the used car was sold, whereas if the transaction were consummated outside the city the article traded-in might not be resold inside the city limits or outside the city to a New York City resident. This reasoning, however, is entirely speculative and such speculation may not he the basis for classification. The assumption that a subsequent purchaser *981 may pay a tax in order to afford an exemption from tax within the territorial limits of the jurisdiction of the taxing authority has been held to be so speculative as to preclude the validity of the differential or exemption created by a taxing statute. (People ex rel. Schoon v. Carpentier, 2 111. 2d 468.) There the use tax was placed on motor vehicles purchased in other jurisdictions by residents of Illinois but none was imposed on those purchased from dealers in Illinois. The justification for the exemption to the latter was on the ‘1 tacit assumption that such dealers have paid the retailers’ occupation tax, and on the further assumption that such tax has been passed on to the purchaser. These are pure assumptions” (pp. 473-474). The court rejected this argument on the ground that there was no proof that the tax was passed on to resident purchasers. Similarly here, the basis for exemption from taxation of part of the consideration where the transaction is consummated in the City of New York is based on “ tacit assumption ” which is patently speculative and, accordingly, may not be the basis for the discriminatory effect of the tax.
There being no valid basis for the classification established, plaintiff is accordingly entitled to judgment. Settle judgment on notice.