■ In the Matter of AIRLIFT INTERNATIONAL, INC, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for revision of a determination or refund of sales and use taxes. Petitioner is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida. During the tax period here in question, petitioner, pursuant to a certificate of public convenience and necessity issued to it by the Civil Aeronautics Board, was operating as a certified carrier of air cargo and air freight solely in interstate and international commerce. On July 29, 1969 a Boeing 727 aircraft owned and operated by the petitioner ran off the runway at Kennedy Airport and was damaged. In order to repair petitioner's aircraft, Boeing flew men and materials from Seattle to New York. Upon completion of the repairs, Boeing, a licensed repair station, certified the aircraft as airworthy and the aircraft returned to service in interstate commerce. Boeing's bill to petitioner included New York sales tax in the amount of $55,003.38 for the materials used in the repairs and the cost of labor and sustenance of the Boeing employees engaged therein. Petitioner paid the bill in full and then filed an application for credit or refund of the State and local sales or use tax. The tax commission, following a formal hearing, denied petitioner's claim for a refund or credit and the present proceeding ensued. The issue raised in this proceeding is whether petitioner should be exempt from paying a sales or use tax on repairs, including labor and materials, made to its aircraft in New York. We hold that the repairs made by Boeing to petitioner's aircraft constituted a repair of tangible personal property not held for sale in the regular course of business and, therefore, the cost of such repairs is subject to tax unless exempted by some other provision of article 28 of the Tax Law (Tax Law, § 1105, subd [c], par [3]; 2 CCH State Tax Rep [NY], par 60-105, n. 18). In construing a taxing statute in order to determine what is included within its purview the rule is that the statute is to be strictly construed in favor of the taxpayer and against the taxing authority (Matter of Nehi Bottling Co. v Gallman, 39 AD2d 256, affd 34 NY2d 808; Matter of Ameri-

*can Locker Co. v Gallman,* 38 AD2d 105, affd 32 NY2d 175). In construing a taxing statute in order to determine the scope of a statutorily prescribed exemption, however, the rule is that the exemptions are to be strictly construed and that if any ambiguity or uncertainty exists it is to be resolved in favor of the sovereign and against exemption *(Matter of Aldrich v Murphy,* 42 AD2d 385). Petitioner contends that it is entitled to a refund or credit of sales tax paid on one or more of the following grounds: (1) that the work performed on its aircraft constituted a fabrication within the meaning of section 1119 (subd [a], par [4]) of the Tax Law; (2) that the cost of labor included in Boeing's bill constituted wages, salaries and other compensation paid by an employer to an employee within the meaning of section 1105 (subd [c], par [5]) of the Tax Law, and/or (3) that its aircraft is a commercial vessel within the meaning of section 1105 (subd [c], par [3]) of the Tax Law. Section 1119 (subd [a], par [4]) of the Tax Law provides that a credit or refund shall be allowed for sales tax paid: "on the sale or use within this state of tangible personal property, not purchased for resale, if the use of such property in this state is restricted to fabricating such property (including incorporating it into or assembling it with other tangible personal property) * * * and such property is then shipped to a point outside this state for use outside this state." To repair is to restore to a sound or good state after decay, injury, dilapidation or partial destruction; to renew, revive or rebuild; to restore or reinstate as in former standing (Webster's Third New International Dictionary; see, also, 76 CJS, Repair, p 1169; *Direen Operating Corp. v State Tax Comm.,* 46 AD2d 191). On the other hand, to fabricate is to frame, build, or forge; to form into a whole by uniting parts; to make shape or prepare according to standardized specifications so as to be interchangeable; to construct or build up into a whole by uniting interchangeable or standardized parts often made elsewhere (Webster's Third New International Dictionary; 35 CJS, Fabricate, p 485; 2 CCH State Tax Rep [NY], par 61-425, p 6657-3). Here, as a result of the July 29 incident, petitioner's aircraft was partially destroyed and the tangible personal property which was incorporated into the aircraft by the employees of Boeing was for the purpose of restoring the aircraft to its original condition and not for the purpose of modifying the aircraft to meet petitioner's specifications. Accordingly, petitioner is not entitled to a refund or credit of sales tax paid on the ground that the material used on its damaged aircraft was used for fabrication as opposed to repair purposes (Tax Law, § 1119, subd [a], par [4]). The wages, salaries and other compensation paid by an employer to an employee for repairing tangible personal property are not considered to be receipts subject to the sales and use tax (Tax Law, § 1105, subd [c], par [5]). This provision, however, only applies when there is an employer-employee relationship between the person performing the repair work and the person for whom such repair work is done (2 CCH State Tax Rep [NY], par 60-125). If the rule were otherwise, then any time the cost of labor is separately invoiced it would be exempt from the sales tax (cf. *Matter of Sweet Assoc. v Gallman,* 36 AD2d 95, affd 29 NY2d 902). The services rendered and the materials used in the repair of a commercial vessel engaged in interstate and foreign commerce are exempt from the sales tax (Tax Law, § 1105, subd [c], par [3]; § 1115, subd [a], par [8]). Likewise, the Tax Law exempts from the sales tax property used by or purchased for the use of commercial vessels for fuel, provisions and supplies. The phrase "commercial vessel" is not defined in the Tax Law but in its broadest sense the word "vessel" includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of

transportation on water (see, US Code, tit 1, § 3; *Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Finance of State of N.Y.,* 39 NY2d 75; *Taylor v Central R. R. Co. of N. J.,* 9 AD2d 101; *Maloney v State of New York,* 207 Misc 894). We hold that it is this meaning of the word "vessel" that the Legislature intended to import into the Tax Law. The Tax Law contains specific exemptions for food, drink and fuel sold to airlines (Tax Law, § 1105, subd [d], par [ii], cl [A]; § 1115, subd [a], par [9]). If the word "vessel" were construed to include an airplane, there would be no reason for these exemptions since, as previously observed, the Tax Law exempts fuel, provisions and supplies used by or purchased for use by commercial vessels (see McKinney's Cons Laws of NY, Book 1, Statutes, § 231). Additionally, the legislative memoranda submitted at the time the exemption contained in section 1105 (subd [c], par [3]) was added clearly indicate that the purpose of this provision was to preserve the ship repair industry in New York (NY Legis Ann, 1966, p 263a). Petitioner contends that even if the repairs to its damaged aircraft are not exempt from the sales and use tax, the tax imposed thereon is void and refundable because it constitutes a violation of the Commerce Clause of the United States Constitution (US Const, art I, § 8). It has been established that the New York sales and use tax is not an unconstitutional burden on interstate commerce *(McGoldrick v Berwind-White Co.,* 309 US 33; see, also, *McGoldrick v Felt & Tarrant Co.,* 309 US 70; *Matter of Atlantic Gulf & Pacific Co. v Gerosa,* 16 NY2d 1). Article 28 of the Tax Law contains statutory provisions allowing reciprocal credits for taxes paid in other States and, therefore, any possibility of multiple State taxation of the same property has been eliminated (Tax Law, § 1118; 51 NY Jur, Sales and Use Taxes, §§ 2, 24). Despite the fact that only a very short period of time elapsed between the time that the material used in the repair of petitioner's aircraft arrived in this State after its interstate journey and the time when this material was installed in the aircraft and the aircraft resumed its interstate and international flights, there was a taxable event in this State *(Southern Pacific Co. v Gallagher,* 306 US 167; *Henneford v Silas Mason Co.,* 300 US 577; *Matter of Atlantic Gulf & Pacific Co. v Gerosa, supra;* cf. *Halliburton Oil Well Co. v Reily,* 373 US 64; see, generally, 51 NY Jur, Sales and Use Taxes, § 43). In *Matter of United Air Lines v Joseph* (281 App Div 876, mot for lv to app den 306 NY 981), the court upheld the imposition of the New York City sales and use tax on airplane parts that were installed in the city on airplanes which spent most of their time in travel outside the city (cf. *Matter of Jacobs v Joseph,* 282 App Div 622). *Miller Bros. Co. v Maryland* (347 US 340), relied upon by the petitioner, is inapposite. In the *Miller* case, an attempt to force a foreign corporation, not qualified to *do* business in Maryland, to collect use taxes on purchase made by Maryland residents at its Delaware store and delivered to them within the taxing State was held to be a violation of the Due Process Clause since there was no definite link or minimum connection between the taxing State, and the person, property or transaction it sought to tax (but see *Scripto v Carson,* 362 US 207). Here, the petitioner does not really claim that the imposition of the sales and/or use tax was violative of the Due Process Clause but rather limits its challenge to a violation of the Commerce Clause. In any event, it is submitted that imposition of the sales or use tax on the repairs to petitioner's aircraft is not violative of the Due Process Clause since there is definite link or minimum connection between New York, the petitioner, the property and the transaction sought to be taxed (see, generally, Antieu, Modern Constitutional Law, §§ 10:56, 10:57). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.