■ In the Matter of BROOME COUNTY AVIATION, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of a use tax on petitioner pursuant to articles 28 and 29 of the Tax Law. Petitioner, an operator of commercial aircraft from Binghamton and Elmira, New York, to major metropolitan communities in the eastern seaboard States as well as to Cleveland, Ohio, was audited by State tax authorities in 1976. Following the audit, a notice of determination and demand for payment of use taxes in the sum of $148,446.18 covering the period March 1, 1973 through February 29, 1976 was issued to petitioner. In addition to challenging this deficiency, petitioner claimed that it had paid $71,631.20 in use taxes for which it was not liable and filed for a refund of that amount. Respondent State Tax Commission properly rejected petitioner's application ·for revision of the determination and for a refund of use taxes paid. Petitioner's claim that section 1115 of the Tax Law provided it with a tax exemption on aircraft deliveries outside the State is premised on an erroneous interpretation of the statute. Section 1115 (subd [a], par [8]) exempts from sales and use taxes any receipts from "[c]ommercial vessels primarily engaged in interstate or foreign commerce". This court in *Matter of Airlift Int. v State Tax Comm.* (52 AD2d 688), prior to the enactment of the Laws of 1978 (ch 773, § 2) which added a new paragraph (21) to subdivision (a) of section 1115 to provide for an

exemption of receipts for "[c]ommercial *aircraft* primarily engaged in intrastate, interstate or foreign commerce" (emphasis added), held that the phrase "commercial vessel" included every description of watercraft and, specifically, was not intended to describe aircraft (*id.* at pp 689-690). The amendment to section 1115 took effect on March 1, 1979 and was not intended to be retroactive (see McKinney's Cons Laws of NY, Book 1, Statutes, § 57). Consequently, section 1115 did not provide petitioner with an exemption during the taxable period at issue. This conclusion that petitioner's activities during the audit period were not statutorily exempted from use tax liability also defeats petitioner's alternative argument that it fell within an exemption contained in two departmental rules (Opns of Counsel of St Tax Comm, 1966-1 NYS Tax Bull 71, § 2, subd c; 1967-4 NYS Tax Bull 66). These two rules dealt with exemptions from sales and use taxes of vehicles engaged in interstate and foreign commerce. No statutory authority other than that contained in section 1115 (subd [a], par [8]) of the Tax Law has been cited as the basis for these rules. Since we have held that only watercraft are covered by that provision (*Matter of Airlift Int. v State Tax Comm., supra*), the departmental rules are invalid insofar as they relate to petitioner and its aircraft since they create a rule out of harmony with the statute (see *Matter of Harbolic v Berger,* 43 NY2d 102, 109). Respondent's decision in this matter concluded that there was no statutory authority for the exemption being sought by petitioner. There was no reason, therefore, for respondent to include findings of fact and conclusions of law regarding the argument based on an invalid departmental rule and a remand for that purpose is unnecessary. We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, respondent's determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.