In the Matter of INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied an application for refund of the compensating use tax imposed under article 28 of the Tax Law. Petitioner, a multinational corporation with headquarters in New York City, purchased a Beechcraft DEG Series airplane for the sum of $38,528.60. It paid a use tax of $1,974.59. In July and October, 1969 petitioner purchased two Grumman Gulfstream aircraft for the sum of $2,685,500 and paid a total use tax of $155,150. After each plane was outfitted, each was flown to La Guardia Airport in New York City. Thereafter, all three planes were used regularly and exclusively by petitioner for the transportation of executives, customers and property both within the State of New York and in interstate commerce. Petitioner requested a refund of the paid use taxes on the three aircraft. After a hearing, the State Tax Commission denied the application for a refund. This transferred CPLR article 78 proceeding ensued. While taxing statutes should be strictly construed against the taxing authority when the purpose of the search is to determine taxability *(Matter of Nehi Bottling Co. v Gallman,* 39 AD2d 256, affd 34 NY2d 808; *Matter of American Locker Co. v Gallman,* 38 AD2d 105, affd 32 NY2d 175), the rule is otherwise when what is sought is the scope of a statutorily prescribed exemption. Exemptions are to be strictly construed and any ambiguity or uncertainty is to be resolved in favor of the sovereign and against the exemption *(Matter of Aldrich v Murphy,* 42 AD2d 385). Here, the applicable statutes provide "Except to the extent that property or services have already been or will be subject to the sales tax * * * there is hereby imposed * * * a use tax for the use within this state * * * except as otherwise exempted * * * (A) of any tangible personal property purchased at retail" (Tax Law, § 1110). "Use" is defined as "The exercise of any right or power over tangible personal property by the purchaser thereof" (Tax Law, § 1101, subd [b], par [7]). Applying the statutes to the facts inexorably leads to the conclusion that since petitioner did not pay a sales tax in this State upon the purchase of the planes, a use tax is imposed by statute on the petitioner's personalty purchased at retail and over which it exercises

all rights and powers. Thus, in the absence of an exemption from the imposition of the use tax, respondent's determination cannot be disturbed (Tax Law, § 1105, subd [c], par [3]; 2 CCH State Tax Rep [NY], par 60-105.18). Petitioner's analogy to the so-called "garage rule" cases which deal with the imposition of a compensating use tax on executive automobiles purchased outside New York but principally garaged within this State is misplaced. There is no evidence in this record that the three airplanes are "garaged" anyplace other than in New York when they are not in use. Next, since it is abundantly clear that the airplanes are used solely for petitioner's benefit and are subject to its direction and control in this State, the respondent's finding that there has been a taxable event in this State must be sustained (cf. *Matter of Airlift Int. v State Tax Comm.*, 52 AD2d 688). Petitioner's next contention that the use tax imposed is void and refundable because it violates the commerce clause of the United States Constitution (US Const, art I, § 8) is without merit. The Supreme Court *(McGoldrick v Berwind-White Co.,* 309 US 33; *McGoldrick v Felt & Tarrant Co.,* 309 US 70) as well as the Court of Appeals *(Matter of Atlantic Gulf & Pacific Co. v Gerosa,* 16 NY2d 1) have held that the New York Sales and Use Tax is not an unconstitutional burden on interstate commerce when, as here, taxable "moments" or "events" occur when the personalty is at rest in this State and not engaged in interstate commerce, and since article 23 of the Tax Law allows reciprocal credit for taxes paid in other States, any possibility of multiple State taxation has been eliminated *(Matter of Airlift Int. v State Tax Comm., supra;* see *Maplecrest Sausage Co. v Tully,* 67 AD2d 329). Similarly, petitioner's contention that imposition of the use tax on its aircraft violates the equal protection clause of the Fourteenth Amendment of the Federal Constitution is without merit. The equal protection clause is based on classification and where, as here, there is a definite link or connection between New York, the petitioner, the property and the transaction sought to be taxed, there is no unequalization of class that would void the tax *(Matter of Airlift Int. v State Tax Comm., supra).* Petitioner's last contention that respondent failed to state the law and facts upon which its determination was based needs no discussion. A reading of respondent's determination readily reveals an appropriate statement for judicial review. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Mikoll, JJ., concur.