In the Matter of XEROX CORPORATION, Respondent, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant.

Third Department, December 6, 1979

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Michael F. Colligan, Shirley Adelson Siegel* and *William J. Kogan* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle (Sterling L. Weaver* of counsel), for respondent.

### OPINION OF THE COURT

STALEY, JR., J.

Petitioner Xerox Corporation is a world-wide company in

the information processing business, developing and marketing xerographic copiers and duplicators, computer-related equipment and other similar products. Petitioner's corporate headquarters are located in Stamford, Connecticut, and, in 1969, petitioner maintained its Northeast Regional Headquarters at White Plains, Westchester County, New York, with offices in New York State in Albany, Binghamton, Blauvelt, Buffalo, Elmira, Elmsford, New York City, Rochester, Syracuse and Webster.

On June 4, 1969, petitioner purchased a North American Sabreliner aircraft for a total purchase price of $1,336,732. The Sabreliner was delivered to petitioner at the Westchester County Airport at White Plains, New York, on August 23, 1969.

After taking delivery of the aircraft at the Westchester County Airport, petitioner's pilot flew it to Monroe County to pick up additional corporate employees for flight training, which took place in St. Louis, Missouri, where the Sabreliner was purchased. When flight training was completed, the Sabreliner was flown back to Monroe County where petitioner's employees, originally picked up in Rochester, left the aircraft. The Sabreliner remained overnight at the Monroe County Airport and the next day it was flown back to Westchester County Airport. At the Westchester County Airport, petitioner rented hangar facilities where the Sabreliner was hangared, regularly serviced and maintained. The Sabreliner was hangared only at the Westchester County Airport and petitioner had no contract to hangar, store, or service the aircraft at any other airport in New York State.

The Sabreliner has been used subsequently to carry petitioner's management personnel and customers in connection with the national and multinational business operations of petitioner. The aircraft is regularly flown from its Westchester County home base to locations throughout the United States, Latin America and Canada. A substantial portion of the aircraft's use is to transport the petitioner's management personnel on trips from corporate headquarters in Stamford, Connecticut, to locations inside and outside of New York State. The use of the aircraft is determined by petitioner's air operations offices located at White Plains, Westchester County, New York, and is controlled by petitioner's corporate headquarters at Stamford, Connecticut.

On May 11, 1971, petitioner paid a New York sales tax in

the amount of $40,101.96. Petitioner did not pay a Westchester County sales or use tax since Westchester County had no sales or use tax in effect for the quarter ending August 31, 1969.

On June 30, 1971, a notice of determination and demand for payment of sales and use taxes due was sent to petitioner showing that a Monroe County use tax in the amount of $40,101.96 was due. Special Term ordered that this determination be vacated and set aside.

Sections 1110 and 1210 of the Tax Law authorize a county to impose additional sales and use taxes. The main issue here is whether the County of Monroe may properly assess a use tax on an aircraft which is not hangared within the county and is only occasionally at the Monroe County Airport.

The administration of both State and local taxes is subject to rules and regulations promulgated by the State Tax Commission (Tax Law, § 1142, subds 1, 8). The Tax Law defines the term "use" as follows: "The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage, and keeping or retention for any length of time, withdrawal from storage, any installation, any affiliation to real or personal property, or any consumption of such property" (Tax Law, § 1101, subd [b], par [7]).

Pursuant to its authority to promulgate rules and regulations, the State Tax Commission adopted the following: "In the case of long-term rentals, the tax rate shall be the combined State and local rates applicable at the point in this State where the vehicle is regularly garaged, kept or stored, except in unusual circumstances where practically all of the use of the vehicle occurs in another jurisdiction." (Opn of Counsel of Dept of Tax & Fin, Feb. 2, 1977, 2 CCH NY State Tax Rep, par 63-018.75.)

In reply to an inquiry concerning the applicability of the above rule, the State Tax Commission stated:

"This is in reply to the request regarding my February 2, 1966 Opinion of Counsel concerning vehicles used to transport persons or property for hire in interstate or foreign commerce * * *

"Aircraft are deemed to be comprehended within the term vehicles as used in that opinion so that the February 2, 1966 opinion applies to aircraft purchased or leased to transport

persons or property for hire in interstate and foreign commerce." (Opn of Counsel of Dept of Tax & Fin, Nov. 1, 1967, 2 CCH NY State Tax Rep, par 63-018.20.)

Therefore, unless a vehicle is garaged in a local taxing jurisdiction or principally used in a local taxing jurisdiction, it is not subject to that jurisdiction's sales or use tax. Where a vehicle is used only briefly or occasionally in other local taxing jurisdictions, it is not subject to the sales or use tax in those other jurisdictions. Thus, under the rules of the State Tax Commission, the proper location for imposition of the sales or use tax by a local jurisdiction is the county where the aircraft is garaged. Westchester County and not the County of Monroe appears to be the proper situs for assessing a local use tax on petitioner, since Westchester County is the place where the "vehicle" is "garaged". The judgment should be affirmed.

In view of the holding that the State Tax Commission improperly assessed the tax under review, we do not have to reach the constitutional issues raised by petitioner (cf. *Matter of International Tel. & Tel. Corp. v State Tax Comm.*, 70 AD2d 700).

SWEENEY, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment affirmed, without costs.