CONLEY, J. T. C.
This matter involves the imposition of New Jersey’s compensating use tax, which is set forth in the Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq., specifically at N.J.S.A. 54:32B-6. The Director of the Division of Taxation sent plaintiff a final *257 determination letter advising it of its liability for use tax in the amount of $55,022 (plus penalty and interest) in connection with plaintiff’s acquisition of a corporate jet aircraft in another state. Plaintiff in this action seeks to have the Director’s determination set aside. Plaintiff’s arguments are that its circumstances fall within a statutory use tax exemption provision; that given the facts of this case, the application of use tax would be violative of the Commerce Clause and the Due Process Clause of the United States Constitution, and that if the court were to make certain findings of fact, defendant would be barred by the applicable statute of limitations from assessing any use tax deficiency against plaintiff. Because of this court’s conclusion that plaintiff’s circumstances fall within the exemption section cited by plaintiff, the additional issues raised by plaintiff will not be discussed.
New Jersey’s compensating use tax is imposed for, among other things, the use within this State of any tangible personal property purchased at retail for which no New Jersey sales tax has been or will be paid. N.J.S.A. 54:32B-6. The statute defines the term “use” to mean:
The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property. [N.J.S.A. 54:32B-2(h) ]
The Director’s use tax assessment in this case was based on plaintiff’s “receiving, storage or any keeping or retention [of the aircraft at Newark International Airport] for any length of time.”
There do not appear to be any New Jersey cases which have construed this State’s use tax statute in any sense in which it is distinct from the sales tax. The use tax is imposed on the exercise of a right or power over tangible personal property as opposed to being imposed on a sale of tangible personal property or services as is the sales tax. Compare N.J.S.A. 54:32B-2(h) and 6(A) with N.J.S.A. 54:32B-3(a) and (b). It is evident from the designation of the tax as a compensating use tax, as well as from the language used by the Legislature in creating it as a *258 complement to the sales tax, that a primary purpose of the tax is to prevent the State from losing revenue when tangible personal property purchased out-of-state and therefore not subject to New Jersey sales tax is nonetheless used here to the same extent as is property purchased here for which New Jersey sales tax is paid. The reason for a use tax is demonstrated when a taxpayer makes a purchase of personal property in a state with a lower sales tax than his own in order to avoid the imposition of the higher sales tax in his home state. Since the home state cannot tax the purchase that takes place outside of its jurisdiction, it taxes the use of the property within its jurisdiction. See Hellerstein and Hellerstein, State and Local Taxation (1978), c. 9; N.J.S.A. 54:32B-8.10. Although our use tax exists, at least in part, to prevent avoidance of the sales tax, the New Jersey statute provides a credit against our use tax in order to avoid multiple taxation to the extent that a sales or use tax is due to. any other state with a reciprocal credit. N.J.S.A. 54:32B-11(6).
The facts in this case were established in part by stipulation and in part at trial. Plaintiff is a Delaware corporation engaged in real estate development, with projects located in Alabama, Florida, Georgia, Mississippi, North Carolina, Oklahoma and Texas. Plaintiff originally maintained its corporate headquarters in Mississippi but subsequently moved a major portion of its offices to New Jersey. On April 29, 1970, when its corporate headquarters were still in Mississippi and when plaintiff had no connection with New Jersey, plaintiff’s president executed a purchase order for a new Beechcraft jet airplane from a Beechcraft dealer in Houston, Texas. The purchase price was'$1,100,445 plus any applicable state and local taxes and FAA and FCC fees. Plaintiff made a deposit of $85,000 on April 29, 1970 and agreed to the following payment schedule: $750,000 on May 30, 1970, $100,000 on June 29, 1970 and the balance on delivery of the subject aircraft. On July 29, 1970 Beechcraft Hawker Corporation, the manufacturer of the airplane, executed a bill of sale transferring title to the aircraft to plaintiff. On the same day plaintiff completed an application for registration of the aircraft, to be filed with the FAA. *259 Plaintiff paid no sales or use tax to any state on the basis of its purchase. During the period from July 29,1970 until September 15, 1970 a firm in Wilmington, Delaware, had possession of the aircraft in order to make certain modifications to it. On September 15, 1970 plaintiff’s pilot took the aircraft for a test flight. On that same day plaintiff accepted delivery of the aircraft and presumably paid Beechcraft the balance of the purchase price. Later the same day plaintiff’s chief pilot and copilot flew the plane from Wilmington to its new home base at Newark International Airport.
Plaintiff’s first argument that the Director’s use tax assessment should be set aside is based upon this statutory exemption provision:
The following uses of property shall not be subject to the compensating use tax imposed under this act:
(2) In respect to the use of property purchased by the user while a nonresident of this State.... [N.J.S.A. 54:32B~11(2)]
The reason for this exemption undoubtedly was that the use tax is designed primarily to prevent the avoidance of sales tax by this State’s residents and not by nonresidents; the latter would not normally intend to use the property in this State in any event.
Plaintiff contends that it purchased its aircraft while a nonresident of New Jersey so that its acquisition was exempt from imposition of the use tax. The Director contends that plaintiff was not a nonresident within the intent of N.J.S.A. 54:32B--11 when it took delivery of the aircraft so that the exemption relied on by plaintiff does not apply. The Director in this connection cites the following language from the same statutory section:
A person while engaged in any manner in carrying on in this State any employment, trade, business or profession, not entirely in interstate or foreign commerce, shall not be deemed a nonresident with respect to the use in this State of property in such employment, trade, business or profession.
The Director does not contend that plaintiff engaged in any business in New Jersey prior to early September 1970. A determination that plaintiff purchased its aircraft before that time would thus render moot the issue of whether plaintiff lost *260 its status as a nonresident at some later time, as suggested by plaintiff. The first issue to be resolved, therefore, is whether plaintiff purchased.its aircraft prior to September 1970 within the meaning of N.J.S.A. 54:32B-11(2).
The Legislature defined the word “purchase” when it enacted the Sales and Use Tax Act. That definition is very broad:
Any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, including the rendering of any service, taxable under this act, for a consideration or any agreement therefor. [N.J.S.A. 54:32B-2(f) ]
It is apparent that the Legislature, in using this language, intended to bring within the reach of the new taxing statute as many transactions as could reasonably be considered sales and purchases. Since the Legislature also used the term “purchased” in the exemption provision of N.J.S.A. 54:32B-11(2), the court must attach the same broad meaning to it there as it does for the taxation sections. In re Byron Petition, 165 N.J.Super. 468, 472-473, 398 A.2d 599 (Law Div.1978), aff’d 170 N.J.Super. 410, 406 A.2d 982 (App.Div.1979). As a consequence, the exemption provision must be construed as generously in favor of the person seeking the exemption as it is construed to be all-inclusive with regard to the imposition of tax.
It is not disputed that plaintiff acquired title to its aircraft on July 29,1970. Although it did not take possession of the aircraft until September 15,1970, the statutory definition of “purchase” includes either “transfer of title or possession.” Therefore, the transaction relied on by plaintiff comes squarely within the exemption language. Plaintiff took title to the aircraft while it was a nonresident of New Jersey. In fact, when plaintiff took title to the aircraft plaintiff had no relationship to New Jersey at all. The purpose of the use tax would not be served by imposition of a tax on plaintiff’s use of its aircraft under these circumstances. It is reasonable to infer that this was the reason why the Legislature adopted the statutory exemption provision with respect to the use of property purchased by the user while a nonresident of this State.
*261 Further support for the conclusion that use of plaintiff’s aircraft should be exempt can be found in the transitional provisions of the Sales and Use Tax Act. The Legislature carefully stated in the context of when the act became effective as to sales
... that in the case of payment for a delivery or transfer of possession of tangible personal property made after July 1,1966 pursuant to an agreement for the sale of said property made before May 9, 1966 such receipts shall not be subject to tax.... [NJ.S.A. 54:32B-5(a)]
The Legislature provided further that certain preconditions to this transitional exemption had to be met: the agreement had to be in writing, the particular item sold had to be segregated from other similar property and the purchaser had to have paid not less than 10% of the purchase price before July 1, 1966. Id. In the present case the agreement for the sale of the aircraft was in writing, the plane was the only item sold so that no segregation of property was necessary, and approximately 85% of the purchase price had been paid prior to September 15, 1970 when the first possible taxable use of the aircraft occurred. If one were to equate the September 15,1970 date in this case with the July 1, 1966 date in NJ.S.A. 54:32B-5(a) — because both were the first date a tax could have been imposed — it would be clear that plaintiff’s acquisition of its aircraft would not constitute the basis for a tax under the standard of N.J.S.A. 54:32B-5(a). Even though the transitional provision quoted above relates to the sales tax and not the use tax, it is indicative of the legislative intent as it bears on the facts of this case because the use tax exemption involved here is so dependent on the purchase of property.
The Director relies to a great extent on a number of cases in other jurisdictions where courts have sustained a use tax assessment in connection with the purchase of aircraft in one state for use in the taxing state. Management Services, Inc. v. Spradling, 547 S.W.2d 466 (Mo.Sup.Ct.1977); In re Woods Corp., 531 P.2d 1381 (Okl.Sup.Ct.1975); Vector Company, Inc. v. Benson, 491 S. W.2d 612 (Tenn.Sup.Ct.1973); Aspen Airways, Inc. v. Heckers, 499 P.2d 636 (Colo.Ct.App.1972). See, also, I.T.&T. Corp. v. State Tax. Comm., 70 App.Div.2A 700, 416 N.Y.S.2d 387 *262 (App.Div.1979); Sunstrand Corp. v. Dept. of Revenue, 34 Ill. App.3d 694, 339 N.E.2d 351 (Ct.App.1975); Flying Tiger Line v. State Bd. of Equalization, 157 Cal.App.2d 85, 320 P.2d 552 (D.Ct.App.1958). Contra, W. R. Grace & Co. v. Comptroller, 255 Md. 550, 258 A.2d 740 (Ct.App.1969). However, none of the courts in these cases had to construe a use tax provision that exempted the use of property “purchased by the user while a nonresident” of the taxing state, as New Jersey’s statute does. N.J.S.A. 54:32B-11(2). For this reason, none of the decisions relied upon by the Director is instructive on the limited issue of statutory construction involved here.
The Clerk of the Tax Court will enter judgment setting aside the Director’s determination of plaintiff’s liability for use tax as well as for penalty and interest.