LASSER, P.J.T.C.
This is an action by taxpayer, a New Jersey corporation and manufacturer of lawn chair webbing. Taxpayer contests the assessment of sales and use tax on purchases of equipment delivered to taxpayer’s place of business in New Jersey, checked there by taxpayer and then delivered by taxpayer to its manufacturing plants in Georgia or Massachusetts.
*322 The sole issue is whether the equipment has acquired a tax situs in New Jersey for sales and use tax purposes. Taxpayer contends that the Director may not assess sales and use tax on the subject transactions because the equipment was moving in interstate commerce and did not acquire a tax situs in New Jersey. The Director contends that the interstate journey was interrupted, subjecting the equipment to tax by New Jersey.
At issue are 11 purchases between September 1974 and October 1977 totaling $121,520. A summary of these purchases follows:
Invoice
Date
1. 9/25/74
2. 6/24/76
3. 9/27/76
4. 9/28/76
5. 10/21/76
6. 11/19/76
7. 11/23/76
8. 3/22/77
9. 4/15/77
10. 4/29/77
Seller
Ruscon-Shield Cranford, NJ
Geo. O. Grady Elizabeth, NJ
ACS Ind., Inc. Woonsocket, RI
Allied Mach. Exchange, NY, NY
Wm. Rabinowitz & Sons, Inc. Allentown, Pa.
D.W. Coombs, Inc. Whitehall, Pa.
ACS Ind., Inc. Woonsocket, RI
Richard Pokrandt Tamaqua, Pa.
Maher Realty Clinton, Mass.
Shaffer & Max Alliance, Inc. Allentown, Pa.
Description Cost
used equipment for manufacturing outdoor furniture webbing $20,000
forklift truck 3,800
10 looms 14,500
lathe and bandsaw 2,700
12 looms 4,800
34 looms 18,500
10 looms 14,000
1 extruder 1 granulator 12,000
5 looms 4,800
206 spindles 1 winder 14,000
*323 Invoice
Date Seller Description Cost
11. 10/25/77
Ultra Sonic Seal (invoice not in evidence)
generators 12,420
Total $121,520
The purchaser named on the first ten invoices is Waltrich Plastic Corporation. The address of the purchaser on invoices 2 through 10 is Tennent, New Jersey. Invoice 1 shows the purchaser’s address as Clinton, Massachusetts, which may explain why the New Jersey vendor did not collect New Jersey sales tax on this purchase. Invoice 2 is also a New Jersey sale. There was no explanation given for the failure to collect New Jersey sales tax on this sale.
William Ehrenfeld, taxpayer’s employee in charge of purchasing equipment, testified that the final destination of the invoice 1 equipment was the company’s Massachusetts plant, and the final destination of the equipment in the remaining invoices was the company’s Georgia plant.
He testified that it was customary for taxpayer to pick up equipment purchases in its own trucks to avoid crating and packing costs incurred if shipped by common carrier. The equipment was brought to taxpayer’s Tennent, New Jersey, plant and unloaded. Ehrenfeld said that he checked each piece of equipment. He said, “My responsibility is to check and make sure that the equipment we ordered is correct.” He stated further: “All the materials brought into New Jersey, if purchased from New Jersey, are brought in, checked to make sure there’s no damage in shipment, to make sure the right equipment was shipped, that type of thing.” Within 24 hours the equipment was placed on taxpayer’s trucks, which had delivered finished goods to Tennent and would otherwise be returning empty to Georgia or Massachusetts. This procedure resulted in lower packing, crating and transportation costs for taxpayer. Taxpayer’s pick up of the purchases was timed so that the *324 equipment'would arrive at Tennent, be checked and, within 24 hours, be placed on taxpayer’s trucks returning to its out-of-state plants.
There is no proof or claim that any sales or use tax was paid to New Jersey or to any other state, or that any claim was made to New Jersey for credit for payment of such tax.
N.J.S.A. 54:32B-6 imposes a use tax on tangible personal property purchased for “use within this State.” The term “use” is defined as “the exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time ... of such property.” N.J.S.A. 54:32B-2(h).
Notwithstanding this statutory language, state taxation of goods in interstate commerce is prohibited by the Commerce Clause of the United States Constitution unless the goods have acquired a taxable situs within the state. This Commerce Clause requirement is satisfied when the interstate journey has been interrupted and the goods have come to rest within the state. In Minnesota v. Blasius, 290 U.S. 1, 54 S.Ct. 34, 78 L.Ed. 131 (1933), the court, when called upon to determine when a break in transit sufficient to subject property to taxation had occurred, stated:
Where property has come to rest within a state, being held there at the pleasure of the owner for disposal or use, so that he may dispose of it either within the state, or for shipment elsewhere, as his interest dictates, it is deemed to be part of the general mass of property within the State and is thus subject to its taxing power, [at 9-10, 54 S.Ct. at 37]
The importance of the distinction between an interruption in transit for a business reason (“at the pleasure of the owner for disposal or use”) and an interruption related solely to transit was stressed in Independent Warehouses, Inc. v. Scheele, 331 U.S. 70, 67 S.Ct. 1062, 91 L.Ed. 1346 (1947). In that case a license tax on storage of coal imposed by Saddle River Township, New Jersey, was upheld where the coal was stored in New Jersey on its way from the Pennsylvania coal fields to New York City. The coal was stockpiled in Saddle River until needed *325 in New York. The court held that the coal had come to rest in New Jersey and was subject to the control and direction of the owner because “the cessation takes place not simply for the carrier’s transit reasons relating to the necessities or convenience of the journey, but for reasons primarily concerned with the owner’s business interest.” The reshipment to New York City was a new journey even though the railroad charged “through rates” on shipment from the coal fields to New York City.
These and other cases which construe the term “come to rest” as an interruption “at the pleasure of the owner for disposal or use” contemplate a power on the part of the owner to exercise control over the interruption. Interruptions due to circumstances beyond the control of the owner have been held insufficient to warrant state taxation. Carson Petroleum Co. v. Vial, 279 U.S. 95, 49 S.Ct. 292, 73 L.Ed. 626 (1929); Edgewater v. Taxation and Finance Dep’t, 135 N.J.L. 42, 50 A.2d 103 (S.Ct.1946).
An interruption in an interstate journey, however brief, will give rise to taxable situs if the goods have come to rest in this State. In IT & T Corp. v. State Tax Commission, 70 A.D.2d 700, 416 N.Y.S.2d 387 (App.Div.1979), the court, in holding that aircraft brought into the state for outfitting are subject to New York use tax, followed the United States Supreme Court decision in McGoldrick v. Berwind White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940). The court stated (at 389), that the Supreme Court has “held that the New York Sales and Use Tax is not an unconstitutional burden on interstate commerce when, as here, taxable ‘moments’ or ‘events’ occur when the personalty is at rest in this state and not engaged in interstate commerce... . ”
In the subject case taxpayer, a New Jersey corporation, used its own trucks to bring goods purchased from New Jersey and out-of-state vendors to its New Jersey plant. The subject equipment was purchased from taxpayer’s New Jersey office, and all but one of the sales invoices bore taxpayer’s New Jersey address. The equipment was unloaded in New Jersey and *326 inspected for damage or defects and to be sure it was as ordered. The goods were not delivered directly from the place of purchase to their final out-of-state destination because taxpayer wished to minimize packaging, crating and transportation costs. Taxpayer retained possession and control of the equipment at all times for its own business purposes.
The equipment was brought to taxpayer’s plant and detained there for taxpayer’s benefit and convenience and not for reasons solely related to transit. Although the equipment remained in New Jersey for no more than 24 hours, the goods came to rest, and a “taxable moment” occurred. The subject equipment came to rest in New Jersey and acquired a taxable situs in New Jersey.
Based on the foregoing I find that New Jersey has the right to impose a use tax on the subject purchases.[1] The Clerk of the Tax Court is authorized to enter judgment dismissing taxpayer’s complaint.

Having found that all of the purchases are taxable, it is unnecessary to deal with the two purchases made from New Jersey vendors which may be taxable on other grounds.