LARIO, J.T.C.
Wheaton Industries appeals from part of a final determination of the Director, Division of Taxation, assessing it a balance of tax liability under the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1, et seq. [the act] for the period April 1, 1983 to June 30, 1987.
The issue presented by the challenged portion is whether a tax under the act applies to labor charges made by an out-of-state contractor for reconditioning plaintiffs property (machinery used in its manufacturing business) where the contractor ships the reconditioned property to plaintiff at its New Jersey location and plaintiff, after receiving and inspecting the property, then ships the property to plaintiffs out-of-state manufacturing locations.
Wheaton, a large industrial corporation, has a manufacturing plant in Millville, New Jersey where its principal offices are located, and it also has manufacturing plants in locations outside of New Jersey. In connection with its manufacturing operation, it uses molds on certain of its equipment. When the molds located in its out-of-state plants require reconditioning, they are shipped to an out-of-state contractor for the work to be performed.
After the contractor completes the reconditioning, the contractor ships the molds to Wheaton at its New Jersey location. The contractor’s labor charges are not taxed by the state in which the services are performed since the reconditioned molds are shipped by the contractor to a destination outside of its state. When the reconditioned molds are received by Wheaton at its New Jersey location, Wheaton inspects the molds to determine whether the out-of-state contractor properly reconditioned the molds. If upon examination Wheaton determines that the molds have been properly reconditioned, Wheaton then ships the molds to its various out-of-state manufacturing *142 plants. The states in which the Wheaton receiving plants are located have not assessed their respective state’s sales and use taxes upon the labor charges paid by Wheaton for reconditioning the molds.
The Director contends that the repair service charges are taxable primarily as a “use” tax under N.J.S.A. 54:32B-6(C) which imposes a tax on personal property not acquired for resale, and not otherwise taxed under the act, upon which certain taxable services have been performed. In the alternative, he claims that by reason of Wheaton’s actual receipt of the molds at its New Jersey location Wheaton is liable under N.J.S.A. 54:32B-3(b)(2) which imposes a sales tax upon the “receipts” from “maintaining, servicing [and] repairing tangible personal property.”
Wheaton answers that the reconditioned molds which travel from the out-of-state contractor through New Jersey to their final destination, Wheaton’s out-of-state plants, are in interstate commerce, therefore, under the Commerce Clause of the United States Constitution, Art. I, § 8, cl. 3, are not taxable by New Jersey.
As its title declares, N.J.S.A. 54:32B-1 et seq., supra, imposes not only a “sales” tax but it also provides for a compensating “use” tax. N.J.S.A. 54:32B-6.
There do not appear to be any New Jersey cases which have construed this State’s use tax statute in any sense in which it is distinct from the sales tax. The use tax is imposed on the exercise of a right or power over tangible personal property as opposed to being imposed on a sale of tangible personal property or services as is the sales tax. Compare N.J.S.A. 54:32B-2(h) and 6(A) with N.J.S.A. 54:32B-3(a) and (b). It is evident from the designation of the tax as a compensating use tax, as well as from the language used by the Legislature in creating it as a complement to the sales tax, that a primary purpose of the tax is to prevent the State from losing revenue when tangible personal property purchased out-of-state and therefore not subject to New Jersey sales tax is nonetheless used here to the same extent as is property purchased here for which New Jersey sales tax is paid. [Diamond Head Corp. v. Director, 4 N.J. Tax 255, 257-258 (Tax Ct.1982). See also Coppa v. Taxation Div. Director, 8 N.J. Tax 236, 242-243 (Tax Ct.1988)]
Under N.J.S.A. 54:32B-6, except for property or services that have already been or will be subject to the sales tax under this act, New Jersey imposes a compensating “use” tax for the use *143 within this State, among other uses, “of any tangible personal property, however acquired, where not acquired for the purposes of resale, upon which any taxable services described in [N.J.S.A. 54:32B-3(b)(2)-to wit: receipts from maintaining, servicing and repairing tangible personal property] have been performed.” N.J.S.A. 54:32B-6(C).
In support of his initial contention that Wheaton is liable for a compensating use tax under section 6(C), the Director claims that the molds are tangible personal property not acquired for resale; that the reconditioning charges are for taxable services described in subsection 3(b)(2), (receipts from maintaining, servicing and repairing tangible personal property) for which no New Jersey sales tax has been paid; and, that Wheaton’s inspection of the molds in New Jersey constitutes a taxable “use” under the act which defines the word “use” to mean:
The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property, [N.J.S.A. 54:32B-2(h)]
Wheaton responds that its inspection of the goods in New Jersey is a temporary interruption of goods in transit which is insufficient to constitute a “taxable situs” within New Jersey.
Notwithstanding New Jersey’s sales and use tax language, if while they are in New Jersey the molds are in inter-state commerce, the Commerce Clause of the United States Constitution prohibits their taxation by a state unless the goods have acquired a “taxable situs” within the state. The United States Supreme Court has ruled that property acquires a “taxable situs” within the state sufficient to satisfy this Commerce Clause requirement when it
has come to rest within a state, being held there at the pleasure of the owner for disposal or use, so that he may dispose of it either within the state, or for shipment elsewhere, as his interest dictates, it is deemed to be part of the general mass of property within the State and is thus subject to its taxing power. [Minnesota v. Blasius, 290 U.S. 1, 9-10, 54 S.Ct. 34, 37, 78 L.Ed. 131 (1933)]
The Director contends that Wheaton’s act of inspecting the molds within New Jersey is a “use” that meets the taxable *144 situs test as above set forth by the United States Supreme Court; and, in support thereof, he relies heavily upon this court’s decision in Waltrich Plastic Corp. v. Taxation Div. Director, 5 N.J. Tax 320 (Tax Ct.1983), wherein Judge Lasser observed:
These and other cases which construe the term “come to rest” as an interruption “at the pleasure of the owner for disposal or use” contemplate a power on the part of the owner to exercise control over the interruption. Interruptions due to circumstances beyond the control of the owner have been held insufficient to warrant state taxation. Carson Petroleum Co. v. Vial, 279 U.S. 95, 49 S.Ct. 292,73 L.Ed. 626 (1929); Edgewater v. Taxation and Finance Dep’t., 135 N.J.L. 42, 50 A.2d 103 (S.Ct.1946).
An interruption in an interstate journey, however, brief, will give rise to taxable situs if the goods have come to rest in this state. In IT & T Corp. v. State Tax Commission, 70 A.D.2d 700, 416 N.Y.S. 2d 387 (App.Div.1979), the court, in holding that aircraft brought into the state for outfitting are subject to New York use tax, followed the United States Supreme Court decision in McGoldrick v. Berwind White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565 (1940). The court stated (at 359), that the Supreme Court has “held that the New York Sales and Use Tax is not an unconstitutional burden on interstate commerce when, as here, taxable ‘moments’ or ‘events’ occur when the personalty is at rest in this state and not engaged in interstate commerce____” [at 325]
In Waltrich, the corporation purchased and, using its trucks, picked up equipment in other states from out-of-state contractors which it brought to its New Jersey plants. In New Jersey the equipment was unloaded, inspected for possible damage and correctness of plaintiff’s order. Within 24 hours, the equipment was placed on the corporation’s trucks and delivered to the corporation’s out-of-state plants. In holding that Waltrich’s purchase and use of the equipment subjected it to New Jersey’s use tax, Judge Lasser ruled:
The equipment was brought to taxpayer’s plant and detained there for taxpayer’s benefit and convenience and not for reasons solely related to transit. Although the equipment remained in New Jersey for no more than 24 hours, the goods came to rest, and a “taxable moment” occurred. The subject equipment came to rest in New Jersey and acquired a taxable situs in New Jersey. [Id. at 326]
In the instant case, the interruption in transit by Wheaton is almost identical to the interruption in Waltrich and, additionally, not only did Wheaton inspect the molds in its New Jersey plant, as did the taxpayer in Waltrich, but Wheaton also *145 received delivery of the molds in New Jersey which the Walt-rich taxpayer did not.
Plaintiff contends that this court’s decision in Waltrich was overruled by the New Jersey Supreme Court’s decision in Cosmair v. Director, 109 N.J. 562, 538 A.2d 788 (1988), which reversed the Director’s, and this court’s, interpretation of “used” within the meaning of the act and that Cosmair is controlling here. Plaintiff misreads the Cosmair opinion. Cosmair was a cosmetic manufacturer who withdrew its manufactured samples from storage facilities in New Jersey, then packaged and delivered them to a common carrier to be given to its out-of-state customers. In promulgating the compensating use tax section of this act, N.J.S.A. 54:32B-6, the Legislature specified three distinct types of uses subject to tax which it specifically designated as clauses (A), (B) and (C). The Director attempted to tax Cosmair under clause (B) which imposes a use tax on property manufactured and offered for sale in the regular course of business and which property is not otherwise subject to a sales tax under the act. Under this section, clause (B), manufactured goods withdrawn from storage are specifically excluded from a use tax. Notwithstanding this specific exemption, the Director made a determination that Cosmair’s packaging and delivery of the goods to a common carrier was an act in excess of “withdrawal from storage” constituting a “use” within the statutory definition. The Supreme Court reversed, holding that the manufacturer could not be assessed a use tax under this section of the act because Cosmair’s activity of packaging and delivery was only incidental to withdrawal of the goods from storage, which is expressly exempted as a taxable use under the act.
In the instant case the facts and applicable law are completely different from Cosmair. Here, Wheaton is neither the manufacturer of the reconditioned molds nor did it withdraw the molds from storage. The tax is not based upon the value of the molds but upon the charges for the reconditioning services performed by an independent contractor. The Director did not impose the use tax on Wheaton pursuant to clause (B); but, *146 instead, he imposed a use tax based upon Wheaton’s use of reconditioned goods received in New Jersey pursuant to clause (C) which does not contain a use exclusion for goods received from out-of-state and inspected in New Jersey as does clause (B).
I conclude that the reconditioned molds’ labor charges incurred by Wheaton fall within the scope of the act. Wheaton’s inspection of molds in New Jersey was an interruption in transit by Wheaton for a business reason to ascertain whether the repair service for which it contracted had been correctly performed. This exercise of control by the owner created a taxable situs in New Jersey. “A manufacturer is liable for use when it purchases property and exercises ‘any right or power’ over it.” Cosmair, supra, 109 N.J. at 568, 538 A.2d 788. Therefore, imposition of the tax by New Jersey is not violative of the Commerce Clause of the United States Constitution.
Accordingly, the out-of-state contractor’s service charges for reconditioning Wheaton’s molds which were received and inspected by Wheaton in New Jersey are taxable under N.J.S.A. 54:32B-6(C). By reason of this conclusion, it is unnecessary to address the Director’s alternative claim for imposition of a sales tax.
The Director’s assessments are affirmed. The parties shall compute the amount of assessment deficiency due and, within 30 days, submit a proposed order pursuant to R. 8:9-3 following which judgment will be entered.