LASSER, P.J.T.C.
Taxpayer contests a use tax deficiency assessment of $9,300, plus penalty and interest, imposed by the Director of the Division of Taxation (Director) on the 1987 purchase of a 50-foot motor yacht (the vessel), contending that the transaction was a casual sale exempt from sales tax under N.J.S.A. 54:32B- *445 8.6, that its use was exempt from use tax under N.J.S.A. 54:32B-11(3) and that the vessel was used in New Jersey on a transient basis only and is exempt from sales and use tax based on the terms of the New Jersey Boat Act of 1962 (boat act), N.J.S.A. 12:7-34.36 et seq.
This matter was presented to the Tax Court on cross motions for summary judgment on the following stipulated facts. Taxpayer purchased the vessel “Arroyo Grande” for $155,000 at a public auction in the State of Maryland on June 24, 1987. At the time of sale, the vessel was documented with the United States Coast Guard (USCG) in accordance with federal boat registration laws. The vessel’s home port prior to sale was San Francisco, California.
The public sale of the vessel had been ordered by the United States District Court for the District of Maryland and was conducted by the United States Marshal for the District of Maryland. The United States Marshal filed a report of sale for the vessel on June 26, 1987. Taxpayer’s purchase was finalized by court order on July 2, 1987. No sales or use tax was paid to either Maryland or New Jersey for this transaction, and there is no evidence that sales or use tax was paid to any other state.
On July 20, 1987, taxpayer moved the vessel to Highlands, New Jersey, where it remained for 3V2 months. In January 1988, taxpayer renamed the vessel “September Star.” Taxpayer continued the vessel in documentation with the USCG and changed its home port to New York, New York. The vessel is not required to be registered under the boat act by reason of its USCG documentation as well as absence from New Jersey waters for more than 180 days.
In August 1988, an investigator from the Division of Taxation (Division) sighted the vessel at the Newport Yacht Club and Marina (Newport Marina) in Jersey City, New Jersey. According to a list of Newport Marina slip renters presented as an exhibit by Director, taxpayer rented a slip in 1988 from the marina. Taxpayer’s address was stated to be 33 Erskine Court, Mahwah, New Jersey on the Newport Marina’s 1988 slip rental *446 list. Director also presented a copy of taxpayer’s application to rent a slip at the Newport Marina for tax year 1989. Taxpayer’s address is listed as 4000 N. Dixie Highway, West Palm Beach, Florida on the 1989 slip rental application.
On April 23, 1990, the Division issued a notice of assessment to taxpayer for use tax due on the vessel as of June 26, 1987. After a conference between the parties, the Division issued a final determination dated May 15, 1991 to taxpayer, assessing use tax of $9,300, plus penalty and interest.
The vessel’s log, presented by Director, shows that the vessel was moored in New Jersey for 3V2 months during 1987, IV2 months in 1988, 3 months in 1989 and 1 month in 1990. Taxpayer stated in an affidavit presented to the Tax Court that, during the other months of those years, the vessel was berthed in various ports of call outside of New Jersey and that he lived aboard the vessel in Florida and the Bahama Islands during the winters. The vessel’s log confirms that the vessel was moved from Massachusetts to the Bahama Islands during the times it was not located in New Jersey from 1987 through 1990.
Taxpayer stated in his affidavit that, at all times relevant to the subject matter, he was a domiciliary and resident of New Jersey. Director’s assertion that taxpayer filed New Jersey resident gross income tax returns for tax years 1981 through 1989 has not been controverted by taxpayer.
I.

Casual Sale Exemption.

Taxpayer contends that the purchase of the vessel is exempt from use tax pursuant to N.J.S.A. 54:32B-11(3) and the casual sale exemption provided by N.J.S.A. 54:32B-8.6. He argues that the seller of the vessel, the United States District Court for the District of Maryland, was not engaged in the business of selling vessels and was, by definition, a casual seller of the subject vessel.
*447 Pursuant to the New Jersey Sales and Use Tax Act (the act), sales tax is imposed on the receipts from “every retail sale of tangible personal property” in New Jersey. N.J.S.A. 54:32B-3(a). A “compensating” use tax is imposed on property purchased out-of-state that is subsequently used in New Jersey.
Unless property or services have already been or will be subject to the sales tax under [the Sales and Use Tax Act], there is hereby imposed on and there shall be paid by every person a use tax for the use within this State ... except as otherwise exempted under [the Sales and Use Tax Act], (A) of any tangible personal property purchased at retail____
[N.J.S.A. 54:32B-6.]
The imposition of use tax permits New Jersey to recover revenue to which the State is entitled that might otherwise be lost when residents purchase property free from sales tax outside New Jersey and later use it in-state to the same extent as taxable property purchased in New Jersey. See, e.g., Diamondhead Corp. v. Taxation Div. Director, 4 N.J.Tax 255 (1982). The use tax was imposed at the rate of 6% during the tax years at issue. N.J.S.A. 54:32B-6.
N.J.S.A. 54:32B-8.6 provides in pertinent part:
Receipts from casual sales ... except as to sales of boats or vessels registered or subject to registration under the “New Jersey Boat Act of 1962” ... are exempt from the tax imposed under the Sales and Use Tax Act.
The act does not exempt casual sales of vessels subject to registration under the boat act. The vessel in issue is not subject to registration under the boat act and thus would be exempt under N.J.S.A. 54:32B-8.6 if the sale qualified as a casual sale.
Casual sale means an isolated or occasional sale of an item of tangible personal property by a person who is not regularly engaged in the business of making sales at retail where such property was obtained by the person making the sale, through purchase or otherwise, for his own use in this State.
[N.J.S.A. 54:32B-2(u) (emphasis supplied).]
The sale of the subject vessel by the United States District Court for the District of Maryland is not a casual sale because the seller did not purchase the vessel for its own use in New Jersey. Since this sale is not an exempt casual sale, the use tax exemption contained in N.J.S.A. 54:32B-11(3) is not applicable.[1]
*448 II.

Transient Use of the Vessel.

Taxpayer contends that his purchase of the vessel is exempt from use tax on the basis of its transient use in New Jersey. Taxpayer claims that he used the vessel in New Jersey on a transient basis for periods of time not greater than 180 consecutive days. Relying on this time requirement imposed by the boat act for registering vessels in this State, N.J.S.A. 12:7-34.38(b),[2] taxpayer asserts that his use of the vessel in New Jersey did not constitute a taxable use for use tax purposes under N.J.S.A. 54:32B-2(h).
Director contends that the vessel’s presence in New Jersey was sufficient to subject taxpayer to use tax.
The term “use” is defined by the act as:
[t]he exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property.
[N.J.S.A. 54:32B-2(h) (emphasis supplied).]
N.J.S.A. 54:32B-2(h) provides that a taxable use of tangible personal property in New Jersey occurs when property is received, stored, kept or retained “for any length of time” in this State. See also Wheaton Indus. v. Taxation Div. Dir., 11 *449 N.J.Tax 139 (1990); Waltrich Plastic Corp. v. Taxation Div. Dir., 5 N.J.Tax 320 (1983) (although property remained in New Jersey for no more than 24 hours, it came to rest here and a “taxable moment” occurred).[3]
The New Jersey Boat Act of 1962 and the Sales and Use Tax Act were enacted for different purposes. The provision of the boat act that requires registration if a boat is present in New Jersey for more than 180 consecutive days is a registration requirement. The 180-day requirement does not supersede the time for imposition of the use tax on tangible personal property brought into the State of New Jersey. The provision in N.J.S.A. 54:32B-2(h) which imposes the use tax upon tangible personal property brought into the State of New Jersey for “any length of time” expresses the intent of the Legislature with respect to the time period property brought into this State must remain in this State to be subject to use tax.
I find that the minimum time limit stated in N.J.S.A. 54:32B-2(h), “any length of time,” rather than the minimum time limit for registration of vessels in New Jersey, 180 consecutive days of non-transient use, governs the subject case. See Cumberland Holding Corp. v. Vineland, 11 N.J.Tax 457 (1991) (courts need not refer to other acts to interpret the language of a statute which is clear and unambiguous). Since taxpayer is a resident of New Jersey, used the vessel in New Jersey for extended periods of time, and habitually returned to New Jersey to use the vessel, his purchase of the vessel is subject to New Jersey use tax. Taxpayer’s claim of an exemption based on transient use in New Jersey is without merit.
The Clerk of the Tax Court is directed to enter judgment denying taxpayer’s motion for summary judgment and granting Director’s cross-motion for summary judgment.

N.J.S.A. 54:32B-11(3), in pertinent part, provides:
*448 The following uses of property shall not be subject to the compensating use tax imposed under this act ...
(3) In respect to the use of property or services upon the sale of which the purchaser would be expressly exempt from the [sales] taxes imposed under [N.J.S.A. 54:32B-3].

A vessel is not required to be registered under the boat act if, inter alia, it is: (a) A documented vessel; or
(b) Being legally operated and meets all current requirements pursuant to applicable federal law ... provided that such vessel shall not have been within[1] this state for a period in excess of 180 consecutive days, unless it is in New Jersey for the purpose of wet or dry storage, or for repairs, in which case the actual time for said storage or repair shall not be counted as included within the 180 days aforesaid; provided, however, that a vessel shall be considered to be based within this state if its owner owns, maintains, leases, or rents space in this state for its storage, mooring, or servicing on other than a transient basis.
[N.J.S.A. 12:7-34.38.]

There is no distinction in the Sales and Use Tax Act between imposition of use tax on business use or personal use of property. The fact that the subject vessel is used for personal use does not alter the requirement that tax be imposed once a taxable situs has been acquired within this State.