PER CURIAM.
Plaintiff John F. Heuer contests the imposition of a use tax by New Jersey upon the use in this state of his fifty-foot boat, which he purchased in Maryland at a public sale ordered by the United States District Court for the District of Maryland in 1987.
The Tax Court of New Jersey heard the matter on cross-motions for summary judgment with certain stipulated facts. There is no question that Heuer did not pay any sales or use tax to either Maryland or New Jersey in connection with the transaction.
Essentially, Heuer’s argument relies on a claimed exemption from New Jersey’s use tax based on the casual sale provisions of N.J.S.A. 54:32B-11(3) and 8.6. Aside from also challenging the correctness of the summary judgment standard applied by the Tax *271 Court judge, Heuer additionally argues that the Tax Court erred in failing to recognize his exemption from payment of use tax based upon the transient use of his vessel in New Jersey.
We would have little difficulty accepting Heuer’s argument that what was involved was a retail sale, and indeed a casual sale, except for the language in N.J.S.A. 54:32B-2(u), which defines a casual sale as:
[A]n isolated or occasional sale of an item of tangible personal property by a person who is not regularly engaged in the business of making sales at retail where such property was obtained by the person making the sale, through purchase or otherwise, for his own me in this State. [Emphasis supplied].
Thus, New Jersey’s statutory definition of a casual sale focuses on the purpose for which the seller obtained the property, and under the use tax if it is not for the seller’s own use in New Jersey, the Division of Taxation can impose the tax liability.
We reject as without merit Heuer’s argument that the Tax Court should have considered a casual “use” of the vessel in New Jersey. There is no such statutory exemption.
We affirm substantially for the reasons expressed by Judge Lasser in his written opinion of June 3, 1992.