KUSKIN, J.T.C.
In this matter plaintiffs appeal an assessment of use tax imposed by defendant Director of the New Jersey Division of Taxation (“Director”) in connection with plaintiff Samurai L.L.C.’s purchase in Florida of a fifty-five foot Uniesse boat (the “Boat”) which sailed to New Jersey and docked in Jersey City. Promptly after the Boat arrived in Jersey City, Samurai filed a New Jersey use tax return and paid use tax at the rate of three percent of the purchase price for the Boat. At the time, the statutory use tax rate under N.J.S.A. 54:32B-6, a provision of the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -27, was six percent. Plaintiffs’ payment was based on their determination that Jersey City had been designated an urban enterprise zone in which the sales tax rate was three percent. Plaintiffs elected to pay use tax at the *233 same rate. The Director disagreed with plaintiffs’ position and assessed additional tax using the six percent rate.
The Director has moved for summary judgment dismissing plaintiffs’ appeal on the ground that plaintiffs did not qualify for the three percent sales tax rate in effect in Jersey City because the Boat was not purchased there. Plaintiffs have cross-moved for summary judgment on the ground that imposition of use tax at a rate of six percent constitutes an unconstitutional discrimination against interstate commerce. For the reasons discussed below, I grant the Director’s motion as to plaintiffs’ lack of qualification for a three percent sales tax rate, but deny the motion as to dismissal of plaintiffs’ complaint, and deny plaintiffs’ motion.
The undisputed factual background to this matter is as follows. Plaintiff William R. Huff is the principal of plaintiff Samurai, L.L.C. On June 24, 2004, Samurai, purchased the Boat in Miami, Florida for a purchase price of $1,054,902.70. On June 22, 2004, Samurai had been issued an insurance binder for the Boat reflecting a hull value of $1,300,000. On November 3, 2004, Mr. Huff entered into a dockage contract for the Boat at a marina in Jersey City, a designated urban enterprise zone. Between June 24 and June 28, 2005, the boat sailed to New Jersey and docked at the Jersey City marina.
On June 28, 2005, Samurai filed a New Jersey use tax return showing tax due of $31,647.08, an amount representing three percent of the purchase price for the Boat, and paid the tax. Mr. Huff signed the return on behalf of Samurai. On October 11, 2005, the Director issued to Mr. Huff a Notice of Tax Assessment for additional use tax of $105,000, together with penalty and interest of $37,800, for a total of $142,800. Because the Director did not have a copy of the purchase agreement for the Boat, the tax due was calculated based a review of prices contained in sale listings for similar boats as advertised on the web site Yacht-World.com.
On October 31, 2005, plaintiffs filed a protest of the assessment. A conference was held on July 17, 2007. The conferee’s report, dated July 18, 2007, explains the imposition of a tax assessment on *234 Mr. Huff personally on the basis that he controlled the use of the Boat and that Samurai had no business pui'pose. On July 26, 2007, the Director issued a Final Determination letter that reduced the use tax assessment to $78,000, or six percent of the $1,300,000 face amount of the insurance binder. After giving credit for the $31,647.08 payment, the Director imposed an additional assessment totaling $66,605.28, including penalty and interest. She rejected plaintiffs’ contention that a three percent rate should apply based on her determination that plaintiffs did not purchase the Boat from “a qualified vendor having a place of business in a designated enterprise zone.” Plaintiffs then filed this appeal.
The statutory authority for imposition of use tax is N.J.S.A. 54:32B-6. The provisions of the statute pertinent to the issues before me are the following:
Unless property or services have already been or will be subject to the sales tax under this act, there is hereby imposed on and there shall be paid by every person a use tax for the use within this State of 6%, except as otherwise exempted under this Act, (A) of any tangible personal property ... purchased at retail____ For purposes of clause (A) of this section, the tax shall be at the applicable rate, as set forth hereinabove, of the consideration given or contracted to be given for such property or for the use of such property____
[N.J.S.A. 54:32B-6.]
The six percent use tax rate was identical to the sales tax rate then imposed by N.J.S.A. 54:32B-3.[1] The term “use,” as appearing in N.J.S.A. 54:32B-6, is defined, in pertinent part, as constituting “the exercise of any right or power over tangible personal property ... by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage ... or any consumption of such property.” N.J.S.A. 54:32B-2(h).
In an area designated as an urban enterprise zone, the rate of sales tax is reduced.
Receipts of retail sales ... made by a certified vendor from a place of business owned or leased and regularly operated by the vendor for the purpose of making *235 retail sales, and located in a designated enterprise zone established pursuant to the “New Jersey Urban Enterprise Zones Act,” P.L. 1983, c. 303 (C. 52-27H-60 et al), ... are exempt to the extent of 50% of the tax imposed under the “Sales and Use Tax Act” ....
[N.J.S.A. 52:27H-80.]
Although this statute refers to the “tax imposed under the Sales and Use Tax Act,” only sales tax and not use tax is subject to the exemption because, in order for the reduced sales tax rate to apply, a retail sale must occur within an urban enterprise zone in New Jersey and the vendor must be certified as a qualified business by the Director. Under N.J.S.A. 52:27H-62(c) a vendor can qualify for certification if the vendor was engaged in the active conduct of business in the urban enterprise zone at the time the zone was so designated, or if, after the date of designation but during the designation period, the vendor became newly engaged in the active conduct of a trade or business in the zone and at least twenty-five percent of the vendor’s full time employees either: (i) resided within the zone, within another zone, or within a qualifying municipality, (ii) were New Jersey residents that were unemployed for at least six months before being hired and were then residing in New Jersey, (iii) were recipients of New Jersey public assistance for at least six months before being hired, or (iv) were determined to be low income individuals under the Federal Workforce Investment Act of 1998. N.J.S.A 52:27H-62(c) Even if the vendor satisfies the foregoing statutory requirements, the vendor can be certified only if the Director determines:
that the vendor owns or leases and regularly operates a place of business located in the designated enterprise zone ... for the purpose of making retail sales, that items are regularly exhibited and offered for retail sale at that location, and that the place of business is not utilized primarily for the purpose of catalogue or mail order sales.
[N.J.S.A 52:27H-80.]
The Director has promulgated regulations which incorporate the foregoing statutory requirements. N.J.A.C. 18:24-31.2 and -31.4.
As noted above, in her motion for summary judgment the Director contends that, because Samurai’s purchase of the Boat did not occur within Jersey City, plaintiffs did not qualify for the fifty percent exemption from sales tax provided in N.J.S.A. 52:27H-80. I find and conclude that the Director’s uncontested *236 position constitutes a proper interpretation of the statute. Consequently, I grant the Director’s summary judgment motion as to this legal issue. I deny the Director’s motion seeking dismissal of plaintiffs’ appeal because I must address plaintiffs’ summary judgment motion in which, as outlined above, plaintiffs assert that the Director’s argument and motion miss the point of their position as to liability for use tax. Plaintiffs argue that, even though they did not qualify for a reduced sales tax rate pursuant to N.J.S.A. 52:27H-80, the imposition of use tax at a six percent rate was an unconstitutional discrimination against interstate commerce when the sales tax rate in connection with a purchase of the Boat within Jersey City would have been three percent.
Plaintiffs’ constitutional contentions rest primarily on the decision of the United States Supreme Court in Associated Industries of Missouri v. Lohman, 511 U.S. 641, 114 S.Ct. 1815, 128 L.Ed. 2d 639 (1994). There, the Court considered the constitutionality, under the Commerce Clause, U.S. Const, art. I, § 8, cl. 3, of the following taxing structure. The State of Missouri imposed a statewide sales tax and use tax, both at the same rate. The State also imposed an additional use tax at the rate of one and one-half percent. This tax was not paired with an additional statewide sales tax. Instead, Missouri authorized its political subdivisions, including counties and municipalities, to impose local sales taxes. Over one thousand political subdivisions within the State used the statutory authority to enact local sales taxes ranging in rates from one-half percent to three and one-half percent. At least one county had no local sales tax at all.
The Supreme Court held that the issue of whether the state-wide additional use tax constituted a discrimination against interstate commerce, prohibited by the Commerce Clause, should be determined on a locality by locality basis, because “discrimination is appropriately assessed with reference to the specific subdivision in which applicable laws reveal differential treatment.” Id. at 650, 114 S.Ct. at 1822, 128 L.Ed.2d at 649. The Court further noted that:
strict parity is demanded by the compensatory tax doctrine as we have explained that a compensatory [use] tax leaves a consumer free to make choices without *237 regard to the tax consequences; if he purchases within the State he may pay a tax, but if he purchases from outside the Slate he will pay a tax of the same amount.
[Id. at 652, 114 S.Ct. at 1823, 128 L.Ed.2d at 650 (citations omitted).]
I conclude that, under Associated Industries of Missouri, the validity of the use tax assessment against plaintiffs must be determined based on a comparison with the sales tax structure in Jersey City, because Jersey City was the place of “use” of the Boat for use tax purposes. See Heuer v. Director, Div. of Taxation, 12 N.J.Tax 443, 449 n. 3 (1992), aff'd, 14 N.J. Tax 283 (App.Div.1993) (holding that, under the definition of “use” appearing in N.J.S.A. 54:32JB-2(h), a tax can be imposed “once a taxable situs has been acquired within this State”). The Boat did not acquire a “taxable situs” within New Jersey until such time as it was docked in Jersey City.
Plaintiffs argue that, in order to determine the rate of sales tax applicable to a purchase of the Boat in Jersey City, the court should hypothesize that a qualified vendor in Jersey City offered the Boat for sale and would have collected sales tax at a three percent rate. The Director responds by noting that qualification for a reduced sales tax rate in an urban enterprise zone is not automatic and that a vendor must meet the requirements for qualification and be certified by the Director under the statutory and regulatory provisions set forth above. Thus, the Director argues that the court should hypothesize that no qualified vendor existed in Jersey City and that the Boat could not have been purchased in Jersey City or could have been purchased only from an unqualified vendor that would have collected sales tax at a six percent rate.
I conclude that the issue of whether the six percent use tax constitutes discrimination against interstate commerce in violation of the Commerce Clause must be determined based on the actual facts in existence as of the relevant date and not based on hypothetical facts. A determination as to whether, as of the relevant date, plaintiffs actually could have purchased the Boat from a qualified vendor in Jersey City is an essential prerequisite to a resolution of the constitutional issue. As the Supreme Court stated in Associated Industries of Missouri:
*238 [W]e have never deemed a hypothetical possibility of favoritism to constitute discrimination that transgresses constitutional commands. On the contrary, we repeatedly have focused our Commerce Clause analysis on whether a challenged scheme is discriminatory in “effect” and we have emphasized that “equality for the purposes of ... the flow of commerce is measured in dollars and cents, not legal abstractions.”
[Associated Industries of Missouri v. Lohman, supra, 511 U.S. at 654, 114 S.Ct. at 1824, 128 L.Ed.2d at 651 (citations omitted).]
Cf. Moorman Mfg. Co. v. Bair, 437 U.S. 267, 280, 98 S.Ct. 2340, 2348, 57 L.Ed.2d 197, 209 (1978) (refusing to make a finding of unconstitutionality “based on speculative concerns with multiple taxation”).
The parties disagree as to the appropriate date as of which the existence or non-existence of a qualified vendor of the Boat should be determined. Because use tax did not become due until the Boat acquired a taxable situs in New Jersey on or about June 28, 2005,1 conclude that June 28, 2005 is the relevant date.[2]
The fifty percent reduction in the sales tax rate to three percent is described in N.J.S.A. 52:27H-80 as an “exemption.” Plaintiffs, therefore, have the burden of establishing that they would have been able to acquire the Boat as of June 28, 2005 from a qualified vendor in Jersey City. See Quest Diagnostics, Inc. v. Director, Div. of Taxation, 23 N.J.Tax 278, 283 (App.Div.) (stating the well-established principles that exemptions are to be narrowly construed and that the taxpayer bears the burden of proving qualification for an exemption), certif. denied, 188 N.J. 577, 911 A.2d 69 (2006).
Plaintiffs have submitted a Certification indicating that, as of June 28, 2005, at least three urban enterprise zone qualified boat vendors were engaged in business in Jersey City. The Director has submitted a certification indicating that no qualified boat vendors were located in Jersey City as of June 28, 2005. Consequently a fact issue exists as to which an evidential hearing is *239 required, and plaintiffs’ motion for summary judgment must be denied. R. 4:46-2(c). If plaintiffs can establish at the hearing that, on June 28, 2005, they could have purchased the Boat from a qualified vendor in Jersey City and paid sales tax at a three percent rate, then the imposition of a six percent use tax would be unconstitutional as a discrimination against interstate commerce under the Associated Industries of Missouri holding. If, as of June 28, 2005, plaintiffs could not have acquired the Boat in Jersey City or could have acquired the Boat only from a vendor obligated to collect a sales tax at a rate of six percent, then, in either eventuality, the imposition of a six percent use tax would not unconstitutionally discriminate against interstate commerce.[3]

 The six percent sales tax and use tax rates were increased to seven percent by L. 2006, c. 44, § 5, effective October 1, 2006.

 This determination is consistent with the form of Use Tax return (ST-18) adopted by the Director. The return requires the taxpayer to provide a description of each taxable item purchased and the "Possession Date.” By referring to the dale of possession and not the date of purchase, the form indicates that tax liability does not arise until "use” in New Jersey occurs.

 After issuance of this opinion as a Memorandum Opinion, the parties resolved the issue in dispute, and, consequently, no evidential hearing was held.